## STATE v. STOWELL.

1. **Practice**: ERRONEOUS STATEMENT BY COURT TO COUNSEL IN PRESENCE OF JURY. It was error for the court, in determining a question legitimately arising during the argument of counsel, to make remarks to counsel, in the presence and hearing of the jury, which were not pertinent to the question, and which, if contained in an instruction, would have constituted error.

2. **Assault with Intent to Commit Rape**: CORROBORATING EVIDENCE: WHAT IS. Evidence which tends to show that the assault has been committed, but which does not point to the defendant and single him out as the perpetrator of the crime, is not such evidence as is required to corroborate the prosecutrix in a trial for an assault with intent to commit rape.

*Appeal from Lucas District Court.*

TUESDAY, APRIL 3.

INDICTMENT for an assault upon a girl between six and seven years old, with intent to commit a rape. Trial by jury, verdict guilty, and judgment sentencing the defendant to be confined in the penitentiary for two years, and he appeals.

*O. A. Bartholomew* and *Mitchell & Pennick,* for appellants.

*Smith McPherson, Attorney-general,* for the State.

SEEVERS, J.—I.    There was evidence tending to show the defendant was not fourteen years of age at the time the assault was committed, but the jury found specially

1. PRACTICE: erroneous statement by court to counsel in presence of jury.

that he was over that age. Counsel for the defendant, when making his closing argument to the jury, was proceeding to claim that, before the defendant could be convicted, there must be evidence tending to connect the defendant with the commission of the offense. He was stopped by the court, and, in the presence and hearing of the jury, the court said: " Mr. Mitchell, I have grave doubts about the law requiring a corroboration of the prosecuting witness in a case of this kind. I do not think it does. The statute requiring corroboration was enacted to prevent designing women from fabricating and working up, for evil and blackmailing purposes, charges of rape against men. But in cases of this kind, where the prosecuting witness is so young and tender in years that she can neither design or fabricate, the reason of the statute does not exist, and the rule requiring corroboration does not apply."

Thereupon counsel for the defendant desisted from urging the proposition aforesaid to the jury.

Long after the counsel for defendant had closed his argument, but before the jury was instructed by the court, the

court, in the presence and hearing of the jury, addressed Mr. Mitchell, defendant's counsel, substantially as follows:

" I prefer to be on the safe side, Mr. Mitchell; you can now address the jury on the assumption that the law requires that the prosecuting witness must be corroborated, to sustain a conviction as charged.

" The counsel declined to avail himself of the opportunity thus offered by the court. At no time did the court say to the jury that it must not be influenced by any of the fore-going language used by the court to the counsel, and herein-before set out."

The court instructed the jury that the defendant could not be convicted "upon the testimony of the girl alone, and, un-less there is other evidence tending to connect the defendant with the commission of said offense, you should acquit him."

This instruction, whether right or wrong, was the law of the case, and it was the duty of the jury to follow it. It was a material question for the determination of the jury whether the evidence of the prosecutrix was true or had been fabri-cated. It is, therefore, insisted that the court erred in saying, in the presence and hearing of the jury, that she could neither design nor fabricate the account she gave of the transaction, and that defendant was prejudiced thereby.

That it was for the jury to say whether the evidence of the proscutrix was true, will not be doubted. It was not the province of the court to say what it did; and had an instruc-tion been given to the jury, in substance the same as the re-marks made to counsel in their hearing, it would, without doubt, have constituted reversible error. The effect upon the trial, the rights of the defendant, and the jury must be the same in both cases. The influence would be the same in both cases. The attorney-general contends that the remarks were made by the court, as reasons influencing it in making a ruling on a question legitimately before the court, and that the right to do this undoubtedly existed. This may and will be con-ceded, if what was said by the court was pertinent to the

question under consideration. The court, it may be said, was called on to determine, at the time it did, whether corroboration of the prosecutrix was essential, when the crime charged was an assault with intent to commit a rape. This rule existed, or it did not, in all cases, irrespective of the age of the prosecutrix. The court made a personal application of the supposed rule to this case, and because, of the tender age of the prosecutrix, said she was incapable of designing or fabricating evidence. The court, therefore, went beyond what can be deemed a fair discussion of the evidence, and thereby, on the spur of the moment and without due consideration, usurped the province of the jury. The effect, we think, necessarily was prejudicial to the defendant.

We are not prepared to admit that the court, under the guise of determining some questions which are legitimately before it, can make remarks in the presence and hearing of the jury, which would constitute error if contained in an instruction, but because they are not, it must be held the defendant is not prejudiced.

II. The court instructed the jury as follows: "What is sufficient corroborating evidence is for you to say. Does the evidence show that the defendant was at the place,

2. ASSAULT with intent to commit rape; corroborating evidence: what is.

and could have committed the assault; was the girl bruised or her parts torn; did she make immediate complaint; did the defendant soon after conceal himself and leave the county; did he make the statement to the sheriff, as claimed by the State? If you find such matters against the defendant, then you may consider them as tending to corroborate the testimony of the girl. But it is for you alone to say whether or not such corroboration is sufficient."

It will be seen that the court instructed the jury that if they found the prosecutrix was bruised, etc., and made immediate complaint, this would be evidence tending to connect the defendant with the commission of the offense. It seems to us this cannot be so.

The matters stated would, without doubt, tend to show that an offense had been committed by some one, but they would have no tendency to show that the defendant was the perpetrator. The same results would follow if the assault had been committed by another person. In *The State v. Painter*, 50 Iowa, 317, it was said the corroborating evidence must point to the defendant, and single him out from other persons. There are other errors assigned, which we do not think essential to determine.

REVERSED.