The State v. Foley et al.

THE STATE v. FOLEY ET AL. (Five cases.)

1. **Criminal Procedure**: CHANGE OF VENUE: PREJUDICE OF JUDGE: DISCRETION: APPEAL. Although an application for a change of the place of trial of a criminal case, on the ground of the prejudice of the judge, makes allegations upon which, *if true*, a change should be granted, it does not follow, as a matter of course, that the change must be granted; for the judge may consult his own feelings as well as the papers, and grant or deny the change, as he may think the right demands, in the exercise of a careful discretion; and his ruling will not be reversed on appeal to this court, unless it is made to appear that prejudice in fact existed; and it does not so appear from the record in this case. (See opinion.)

*Appeal from Marshall District Court.*

FRIDAY, OCTOBER 24.

The defendants in the above entitled cases were each convicted of keeping a nuisance, in the use made by them of a building in keeping and selling intoxicating liquors, and were fined therefor. The defendants appeal.

No appearence for the appellants.

*Smith McPherson, Attorney-general,* for the State.

ADAMS, J.—The cases are submitted together as involving the same question of law. The defendants filed a petition for a change of the place of trial, on account of the prejudice of the judge. The petition not only states in a general way the existence of prejudice, but states specifically certain facts as evidence of prejudice. The facts stated are, that the judge had lately been engaged in making public speeches, and against saloon men; that petitioners had been informed that the judge had said at a public meeting that a saloon-keeper was worse than a thief and a robber, and that the judge was acquainted with the defendants at the time the statement was made, and knew them to be saloon-keepers; that he had

expressed his opinion and belief that the defendants were guilty of the offenses charged; that the judge recently, upon the trial of a similar case, had manifested a strong prejudice against the defendant in that case; that he told the witnesses upon the stand that they knew that they were not telling the truth, and that every one who heard them knew it.

We do not think that the fact that the judge made public speeches in favor of temperance should be regarded as showing a prejudice against these defendants. We have a right to assume that the defendants themselves are in favor of temperance, and opposed, not only to sales of intoxicating liquor made in violation of law, but to all other sales, so far as the same lead to intemperance. We have a right to assume that what the judge said against saloon men was said against those who he supposed had been making such sales.

If it was true, as is alleged, that the judge had expressed an opinion that the defendants had been guilty of the offenses with which they were charged, it appears to us that he should have granted the petition. Whatever offense a person may be charged with, it is his right to be tried before a judge who has not prejudged his case. But because the petition showed sufficient ground, if true, for a change of venue, it did not follow that it should be granted as a matter of course. Some latitude is left to the judge in passing upon the petition based upon allegations of his own prejudice. He may consult his own feelings as well as the papers, and grant or deny the change, as he may think the right demands, in the exercise of a careful discretion. Code, § 4374; *State v. Ingalls*, 17 Iowa, 10. If allegations of specific facts are made and supported by such evidence that the appellate court should be constrained to believe that, notwithstanding the change was denied, prejudice in fact existed, and that the change was denied through false pride, it would, of course, be the duty of the appellate court to promptly interfere. But the case before us is not one of that kind. No specific times or places are mentioned in which the judge expressed opinions

adverse to the defendants, and the impression left upon our mind is that the petitioners were either unable or unwilling to mention them. We see nothing in the case that would justify us in holding that the court abused its discretion. We have examined the entire record, and find no error.

AFFIRMED.