THE STATE v. HALE.

1. **Criminal Law**: CHANGE OF VENUE: PREJUDICE OF JUDGE. The statement of the mere belief of the defendant that the judge is prejudiced, when such belief is founded alone on alleged facts, of the existence of which defendant has no personal knowledge, is insufficient to overcome the presumption which arises from the denial which is implied in the order of the judge overruling the petition for a change of venue; but, with the unequivocal statement of the judge that the alleged facts on which the belief of defendant is based have no existence, the question of the correctness of the ruling is not left to depend on the presumption which arises under the law in its favor, but is affirmatively established.

*Appeal from Lucas District Court.*

FRIDAY, MARCH 20.

THE defendant was convicted of the crime of forgery, and sentenced to a term of imprisonment in the penitentiary, and from this judgment he appeals.

*Joseph C. Mitchell* and *Dell Stewart*, for appellant.

*Smith McPherson*, Attorney-general, for the State.

REED, J.—The indictment against defendant was found in

1877, but he was not arrested on the charge until in January, 1883. The arrest was made in the territory of New Mexico, and defendant was brought to this state on the requisition of the governor. Defendant was arraigned, and pleaded not guilty, and thereupon he filed a petition for a change of venue, on the ground of the alleged prejudice of the judge of the district court. This petition was overruled, and defendant then withdrew his plea of not guilty, and pleaded guilty, and the judgment appealed from was pronounced on this plea. The only question presented by the record is as to the correctness of the ruling on the petition for change of venue.

It is alleged in the petition that certain officers and employes of a railroad company in New Mexico were exceedingly hostile to the defendant; that they aided the officers of the state of Iowa, who went to New Mexico to arrest him, in effecting his arrest; and, after he was arrested and brought to this state, they wrote to the officers of a railroad company in this state, representing to them that he was a bad man, and desperate criminal, and urged them to make these statements to the judge, and inform him as to the character which defendant bore; and that these persons had approached the judge and made these disclosures to him, and by reason thereof the judge had become so prejudiced against him that he could not hope to obtain a fair trial before him. When the judge came to pass on the petition, he made a statement which, by his direction, was taken down by a short-hand reporter and made part of the record. And when the defendant was brought before the court, and the judge was about to pronounce judgment against him, he made some remarks to the prisoner, which were also taken down by the reporter and embodied in a bill of exceptions.

In his remarks, in passing upon the petition for change of venue, the judge stated that it was not true that he had been approached with reference to the case, or that any statements had been made to him calculated to prejudice him against the defendant; that he knew nothing of defendant personally,

and had heard nothing of the case, except what had been published in the newspapers at the time of the transaction out of which it grew; that one person had written him with reference to the case after defendant's arrest, and he had received the letter, but had read it far enough only to see that it referred to a criminal case pending in the court, when he handed it to the district attorney, and gave no further attention to its contents. If this statement had not been made, and we had been left in ignorance as to the grounds on which the change of venue was denied, we still would have been compelled to presume that the ruling was made "in the exercise of a sound discretion," and "according to the very right" of the matter. The allegations in the petition of prejudice on the part of the judge are in general terms, and the alleged facts on which the belief of the defendant of the existence of such prejudice is based, are on matters of which he did not claim to have had any personal knowledge, and of which, from the nature of the case, he could hardly have had such knowledge.

The statute (Code, § 4374) requires the court, in the exercise of a sound discretion, to decide the matter of the petition according to the very right of it. And this court has frequently held that the order denying a change of venue would be interfered with only when it was made affirmatively to appear that the district court had abused the discretion thus vested in it. See *State v. Freeman*, 27 Iowa, 333; *State v. Knight*, 19 Iowa, 94; *State v. Ray*, 50 Iowa, 520; *State v. Mewherter*, 46 Iowa, 88.

It is manifest that the statement of the mere belief of the petitioner that the judge is prejudiced, when such belief is founded alone on alleged facts, of the existence of which the petitioner has no personal knowledge, is insufficient to overcome the presumption which arises from the denial which is implied from the order of the judge denying the petition. But, with the unequivocal statement of the judge that the alleged facts on which the belief of the petitioner is based

The State v. Hale.

have no existence, the question of the correctness of the ruling is not left to depend on the presumption which arises under the law in its favor, but is affirmatively established.

We have also considered the remarks made by the judge when passing sentence on defendant, and we have to say that we do not find in them the slightest evidence of prejudice on the part of the judge against the prisoner. In addition to the matters which the statute (Code, § 4503) requires the judge to state to the defendant in every case, before passing sentence upon him, the judge on this occasion made some remarks on the circumstances of the offense of which defendant admitted he was guilty, and also stated the reasons which impelled him to pronounce against defendant the particular penalty which the judgment imposes upon him. Although the statute does not require this to be done, we believe it is a common practice in many of the districts of the state, and there is certainly no impropriety in it; and on the occasion in question the judge said nothing which evinced the slightest feeling of prejudice against the prisoner.

We have not had the aid of argument by counsel in this case. We have, however, examined the record with care, and we find no reason for disturbing the judgment of the district court; and it is therefore

AFFIRMED.