STATE OF IOWA V. JAMES LA GRANGE, Appellant.

**Breaking and Entering:** INSTRUCTION. Following charge upheld: Finding a defendant in possession of goods recently stolen by breaking into a building raises a presumption that defendant stole them from the building, and warrants a conviction "unless the facts and circumstances disclosed by the evidence raise a reasonable doubt as to whether he did not honestly come into such possession." This presumption may be rebutted by defendant explaining such possession.

**Practice:** CHANGE OF VENUE. That a judge who presided at a first trial expressed the opinion that defendant was guilty does not make error to deny a change of venue in the second trial applied for on the ground that the judge is prejudiced.

*Appeal from Poweshiek District Court.*—HON. D. RYAN, Judge.

TUESDAY, APRIL 2, 1895.

· The defendant was indicted and convicted of the crime of "breaking and entering a building in which goods, merchandise, and valuable things were kept for use and deposited." Judgment of imprisonment in the penitentiary for three years and for costs was entered against him from which he appeals.—*Affirmed.*

*J. H. Patton* for appellant.

*Milton Remley*, attorney general, and *Thos. A. Cheshire* for the state.

Given, C. J.—I. The defendant petitioned for a change of venue on the ground of prejudice of the presiding judge. The petition was denied, and of this defendant complains. The only evidence of prejudice is the affidavit of the defendant, stating in general terms: That the judge was prejudiced, and the affidavit of his counsel to this effect. That at the time of the trial of this case at the preceding term, on which trial the jury failed to agree, after that jury had retired, the judge said to the counsel that the defendant was guilty, and that the jury would be back inside of an hour or two, with a verdict of guilty. That on the same day, when defendant's counsel requested that another criminal case against the defendant be set down for trial, the judge remarked: "You don't want two convictions in one term. If that jury should fail to convict, you can try no more of those cases this term." This petition was addressed to the sound discretion of the court, and we may not interfere, unless it appears that such discretion has been abused. Having heard all the evidence in the case, it is quite probable that the judge has formed an opinion as to the guilt of the defendant. Judging from the testimony in the record before us, and which we may presume to be ·

the same as on the former trial, it is difficult to see how the judge could hear it without reaching that conclusion. The prejudice contemplated in the statute is, however, not shown to exist on the part of the judge merely because he has formed an opinion under such circumstances. To so hold would cause changes of venue in most cases on a second trial, while the judge, notwithstanding his opinion, was able to preside with perfect impartiality. If to entertain an opinion as to the guilt of an accused party constituted the prejudice contemplated in the statute, then most criminal cases should be withdrawn from the jury after the evidence is introduced and a change of venue ordered, because the judge, having heard the evidence, has usually formed an opinion before instructing the jury. The prejudice contemplated is not merely a belief as to the guilt or innocence of the party, but the presence of such state of feeling as will incline the judge in his rulings and instructions against the accused. The judge could not well take the stand and admit or deny the making of the statements alleged to have been made by him, and we may infer from the fact of his denying the petition that he was conscious of having no prejudice against the defendant that would influence him in the trial. The record fails to disclose any indication of prejudice or abuse of discretion in overruling the petition. See *State v. Mewherter,* 46 Iowa, 88; *State v. Foley,* 65 Iowa, 51; *State v. Hale,* 65 Iowa, 575.

II. Defendant questions the sufficiency of the evidence to sustain the verdict, urging especially that there is no corroboration of the testimony of the accomplice, tending to connect the defendant with the commission of the crime charged. We will not set out or discuss the evidence. It is sufficient to say that there can be no question but that the crime charged was committed, and that the testimony of the accomplice shows that

the defendant participated in its commission. In this the accomplice is corroborated by facts and circumstances testified to by several witnesses and by the defendant's own evidence, admitting that he shared in the fruits of the crime, within an hour or two after its commission. True, the defendant denies that he participated in the breaking of the house, but we think the facts and circumstances show very satisfactorily that he was present and participated in the crime, and that there can be no well-founded doubt of his guilt.

III. Defendant's further complaint is as to instructions refused and given. He asked an instruction, substantially in the language of the statute, as to the corroboration of an accomplice, which was refused. The jury was, however, fully and correctly instructed on this subject in the fifth paragraph of the charge. In the third paragraph of the charge the court said: "If the evidence discloses that the defendant stood by and aided and abetted in the breaking, this would constitute an accessory, and equal guilt as if he had himself done the breaking." Defendant does not question this statement of the law, but contends that there was no evidence to call for such an instruction, and that it was prejudicial. We think that under the evidence this instruction was proper, and, even if it had not been, it could not be prejudicial to the defendant. Appellant extracts a single sentence from said fifth paragraph of the charge, and contends that it left the jury to infer that the corroboration would be sufficient if it merely showed the commission of the offense charged, or the circumstances thereof. Taking the entire paragraph together, it will not admit of such construction, and, as we have said, it is a correct statement of the law on that subject.

IV. Defendant complains of the following instructions given at the request of the state: "If par-

ties are found in possession of goods recently stolen by breaking into a building, and which have been stolen by breaking into a building, it raises a presumption that such parties have stolen such goods by breaking into a building. This presumption may be rebutted by the defendant's explaining such possession. The burden is on the state to prove, and it must prove, that such goods were stolen from a building, before such presumption exists. If you find from the evidence beyond a reasonable doubt that in the month of February, A. D. 1894, a building belonging to W. S. Leisure, and situated in Poweshiek county, was broken into, and that property was stolen therefrom, and you further find that within a few hours thereafter the property so stolen was found in the possession of the defendant, you will, in such a case, be warranted in concluding that the property was stolen by defendant from said building by breaking and entering the same, unless the facts and circumstances disclosed by the evidence raise in your minds a reasonable doubt as to whether he did not come honestly into such possession." An instruction identical with the first was approved in the case of *State v. Golden,* 49 Iowa, 48. In *State v. Rivers,* 68 Iowa, 611, an instruction the same as the second was approved. See *State v. Jennings,* 79 Iowa, 513; *State v. Yohe,* 87 Iowa, 33. We find no error in the record, and the judgment of the district court is *affirmed.*