## L. A. SHAKMAN & COMPANY, Appellants, v. E. E. POTTER, C. A. HOFFMAN and J. A. HALL.

98    61
113   149
113   718
98    61
123   27

**Competency of Witness.** A witness called to testify as to the meaning, as understood by the trade, of the certain words, "on memorandum," attached to an invoice, who testifies that he does not know the meaning of such words, should not be permitted to give his understanding of them.

**Appeal: ESTOPPEL:** *Harmless error.* Where an objection upon which evidence has been excluded is withdrawn, a party who then had an opportunity to introduce such evidence, and failed to do it, cannot urge its exclusion on appeal.

**ASSIGNMENT OF ERRORS:** *Directed verdict.* Where a motion to direct, which has *several* grounds, is sustained *in toto*, an assignment that the court erred in sustaining the motion, is too indefinite.

**Improper Remarks by Court.** In replevin, where the value of the goods was in issue, and a dispute arose as to the correctness of an

answer, as read by plaintiff's attorney, in a deposition in which affiant testified as to the value, it was reversible error for the court to remark: "Upon listening to the reading of the deposition, I have no doubt but that Mr. B, plaintiff's attorney, was present at the taking of the deposition, or that the answers had been written out by him, or plaintiff's attorney."

*Appeal from Howard District Court.*— HON. E. E. COOLEY, Judge.

MONDAY, APRIL 13, 1896.

ACTION of replevin, to recover the possession of certain merchandise, which it is claimed the plaintiff consigned to defendant Potter, to be sold on commission. Trial to a jury. Verdict and judgment for defendant, Hoffman, and plaintiff appeals.—*Reversed.*

*John McCook* for appellants.

*H. T. Reed* for appellees.

DEEMER, J.—The plaintiff claims that it consigned certain clothing to the defendant Potter, to be by him sold on commission; that defendants Hoffman and Hall, hold possession of the same through a conspiracy, or agreement, between them and Potter, and that they, in fact, have no title thereto; that Hoffman holds a bill of sale from Potter for the goods; and that Hall has possession as agent of Hoffman, but that Potter had no right or title thereto which he could convey. Plaintiff alleges the value of the goods to be two hundred and twenty-eight dollars. Defendant Potter denies that he held the goods on commission; says that he made a bill of sale thereof to his co-defendant, Hoffman, and that at the time he made it he was the absolute owner of the goods, and had the right to sell the same, and that he has no further interest therein. Defendant Hall disclaimed any

interest in the goods. He further alleged that he was in the possession thereof as the agent of Hoffman. Hoffman denied the plaintiff's claim; and further averred that she was in the possession of the goods under a bill of sale from Potter; that she had paid a valuable consideration therefor, and had no notice of the plaintiff's claim; that the property was and is worth the sum of three hundred dollars; and that she was damaged by reason of the wrongful taking thereof, by plaintiff, in the sum of fifty dollars, and in loss of profits in the sum of one hundred dollars. The plaintiff's reply was, practically, a general denial. Such were the issues on which the case was tried, with the result above stated.

I. The testimony of one L. A. Shakman, a member of the plaintiff firm, was taken by deposition. In this deposition he identified the correspondence which passed between plaintiff and the defendant Potter, testified to the shipment of goods ordered by Potter, and identified the goods taken on the writ of replevin as being a part of those shipped to Potter. He also testified to the value of the property delivered, and to the value of that part of it, which was secured under the writ issued in the case. Many objections were interposed to the testimony of this witness, which were largely sustained; and some of the exhibits attached to his deposition were rejected, when they were offered, on the ground that they were not the best evidence. These rulings are complained of. It is, no doubt, true, that the court was in error in excluding some of these exhibits; but the record discloses, that defendants' counsel, after the reading of the deposition had been concluded, withdrew all objections to the exhibits attached to the deposition. If these exhibits had not already been read to the jury, it then became the duty of plaintiff's counsel to read them, if he wished the

benefit thereof. As he failed to do this, he cannot now complain.

II. These exhibits show that all the negotiations between plaintiff and Potter were by correspondence. From this correspondence it appears that Potter ordered a certain bill of goods from plaintiff; that plaintiff refused to ship the goods without some assurance of Potter's financial responsibility; that it made inquiries from a commercial agency, and from merchants who had sold Potter goods, and finally shipped him the merchandise ordered, and sent him an invoice, which contained the following: "Milwaukee, December 15, 1893. Mr. E. E. Potter, Cresco, Io. Bought of L. A. Shakman & Co., Wholesale Clothiers, 343-345 Broadway. On memorandum. Terms: 7-10—5-30—4-60. Shipped by express. All bills not paid at maturity are subject to sight draft and interest. Accounts due on demand, when purchaser suspends payment, receiver is closing out, or suit commenced."

(Then follows a list of the goods.) The question in the case turned largely upon the meaning which should be given to the trade terms, "on memorandum," appearing upon the invoice. Testimony was admitted by the court which tended to show that these words meant to the trade, that the goods were shipped to be sold on commission; the dealer to have all over and above the price fixed to the goods, as his compensation for handling the same. On the other hand, there was testimony tending to show that the words meant to the trade that the goods were shipped on approval, and that, as soon as accepted by the buyer, the goods became his property. And there was also testimony to show that the effect to be given the words, was the same as if the goods had been delivered with the understanding between the parties that the title should remain in the seller until they were paid for, and that the transaction was, in effect, a

conditional sale. At the conclusion of the evidence, the defendant Hoffman moved the court to direct a verdict for her. The motion was based upon three distinct grounds. This motion was sustained, and the only question of fact which was submitted, was as to the value of the property. Complaint is made by appellant of this ruling. We cannot consider the question thus presented, for the reason that the assignment of error relating to this matter is not sufficiently specific. The motion, as we have said, was based upon three grounds, and the assignment predicates error upon the sustaining of the motion. Under repeated decisions, this is not sufficient.

III. Complaint is made of the rulings of the court on objections interposed to the evidence of Shakman, which, as we have said, was taken by deposition. Such of the assignments of error as are argued, do not seem to us to possess any merit. But, as the case must be reversed upon another ground, we may properly say that some of the objections interposed were erroneously sustained, and it is apparent from the rulings made, as well as from the remarks of the court, that plaintiff's case was not presented for its full worth. The court below evidently overlooked the provision of the Code (section. 3751), which provides that "no exceptions to depositions other than for incompetency or irrelevancy shall be regarded, unless made by motion filed by the morning of the second day of the first term held after the depositions have been filed," etc.

IV. When the last answer of the witness, Shakman, was being read, a controversy arose between counsel as to the correctness of the answer, as read by the plaintiff's counsel. During the progress of this difficulty the court remarked, in the presence of the jury: "Upon listening to the

reading of the deposition, I have no doubt but what Mr. Bloodgood, plaintiff's attorney, was present at the taking of the deposition, or that the answers had been written out by him, or plaintiff's attorney." This remark was excepted to by plaintiff's counsel. Manifestly, such a remark was not only erroneous, but highly prejudicial. If the witness had given no other testimony than that of the shipment of the goods, we might hold, in view of the condition of the record, that the remark was not prejudicial; but the witness testified also to the value of the goods, which was an issue in the case, and the remark made by the court could have no other effect than to demolish and destroy the whole of the witness' testimony. If such a statement had been embodied in the written charge of the court, it would clearly be erroneous; and, while it was not contained in the formal instructions, yet its effect, following so closely the reading of the deposition, was just as prejudicial to plaintiff's case as if it had been. *State v. Stowell*, 60 Iowa, 535 (15 N. W. Rep. 417); *Cross v. Manufacturing Co.*, 121 Pa. St. 387; (15 Atl. Rep. 643); *State v. Philpot*, 97 Iowa, 365.

V. Complaint is made of the instructions given, with reference to the measure of damages. The argument made in support of the assignment of error raising this question, is based upon a misapprehension of the effect to be given the language used by the court. When properly construed, the instruction is not erroneous.

VI. Some of the witnesses called by the defendants, after having testified that they did not know what the terms, "on memorandum," meant to the trade, when used as they appeared upon the invoice sent Potter, were permitted to give their understanding of them, against the objections of the plaintiff. This was so manifestly erroneous as to require no elaboration from us. Other

errors are complained of in the admission and rejection of testimony. It is not important that we consider them, for it is not likely the questions will arise upon a retrial. For the reasons assigned, the judgment is REVERSED.