STATE OF IOWA V. HARRY M. MARSHALL, Appellant.

**Criminal Law:** EVIDENCE. The evidence, when taken as a whole and fairly considered, must, in order to justify a conviction of a crime, so satisfy the judgments and consciences of the jury as to exclude every other reasonable conclusion, but absolute certainty is not required.

JURY QUESTION The truthfulness of an explanation of the possession of stolen goods, although uncontradicted, must be determined by the jury.

RULE APPLIED. On a trial for burglary, to commit larceny, the evidence showed that goods in the possession of the accused were identified as the goods stolen; that the accused worked in a bakery adjoining the store from which the goods were stolen; that he had access to the bakery at all times; that the bakery and adjoining store were separated by a board partition, containing a window; that a screw driver used in the bakery fitted marks made on the window and partition; that possession was explained by the purchase of the goods from strangers; that the accused's father and mother claimed to have seen two strangers leaving the bakery about the time of the alleged purchase. *Held*, sufficient to support a conviction.

PRACTICE. A party who makes no objection to a question asked a witness, cannot ask that it be stricken from the record, where the answer is unsatisfactory to him.

Same.    A witness having testified that goods were stolen from his store, it does not assume that a larceny had been committed to ask him what were the goods stolen and to name them.

Harmless error.    A witness testified to the presence of a sack of candy in his store, where an accused worked.    There was no evidence that the accused had anything to do with the candy    *Held*, that this evidence was not prejudicial.

Relevancy.    Evidence was admitted as to the condition of the doors and windows of a burglarized building shortly after the burglary. *Held*, admissible to show the condition of the premises at, or about the time of the burglary.

Same.    An objection to the competency of the county attorney as a witness on a criminal trial, because his name was not indorsed on the indictment, is too late, when made after his evidence has been given, although the trial judge asked the questions and defendant's counsel claims to have refrained from making objections out of deference to the court.

Same: *Examination by judge*.    Defendant on a criminal trial may, where questions are asked by the judge, object when the questions are asked, or move to strike out the evidence elicited, immediately on the conclusion of the judge's examination.

Same.    The trial judge may ask questions leading in character. Citing *Huffman v Cauble*, 86 Ind , 591; *Comm. v. Galavan*, 9 Allen, 271.

Grand Jury:    minutes of evidence    The use by the grand jury of the minutes of a witness examined before the committing magistrate is equivalent to an examination of the witness before such grand jury, under Code, 1873, section 4421, when construed in connection with sections 4273, 4289.

Evidence.    It will be presumed that the evidence of witnesses whose names were endorsed on an indictment and the minutes of their evidence returned therewith, were properly before the grand jury, and such presumption can be overcome only by an affirmative showing that they did not testify before the grand jury, and that no notice was served, and, also, that they either did not give evidence before the committing magistrate, or that the minutes thereof, made by him, were not used by the grand jury.

Same.    Other evidence than the minutes on the trial is admissible to determine whether or not a witness was in fact examined before the grand jury or committing magistrate, although the minutes returned with the indictment are made, by the statute, conclusive as to what names are or should be indorsed on the back or the indictment

**Appeal.**  A conviction will not be reversed on appeal because of evi-
12   dence drawn out by appellant on cross-examination and after-
wards withdrawn from the jury on his motion.

*Appeal from Benton District Court.*—OBED CASWELL,
Judge.

THURSDAY, APRIL 7, 1898.

THE defendant was accused and convicted of the
crime of burglary, and, from judgment of imprisonment
in the penitentiary for a period of eighteen months, he
appeals.—*Affirmed.*

*Tom H. Milner* for appellant.

*Milton Remley*, attorney general, and *Jesse A.
Miller* for the state.

LADD, J.—The indictment charges the defendant
with breaking and entering the store building of Cady
& Anderson in the night-time of June 12, 1897, with
intent to commit larceny.  At that time he was in the
employment of Robinson, who kept a bakery in the
building next to that of Cady & Anderson, and the base-
ment of the two buildings were separated by a board
partition, in which there was a window.  This window
had been securely nailed in prior to the night in ques-
tion, and, after that, is shown to have been
fastened in a different manner.  The defendant
boxed and shipped several dress patterns, lining,
hose, and handkerchiefs, and other articles to Naomi
Houston, his then fiancee, at Marion, on the morning
of the second day after the alleged larceny.  These
goods were identified by Anderson as the property of
his firm, and as having been stolen.  Maggie McKee,
who usually had charge of the dry-goods department,
says she missed goods on the fifteenth of June, and

found those on the shelves jammed in, and not properly folded. Two other clerks sometimes sold merchandise from this department. A screw-driver at Robinson's was shown to fit the marks made on the partition and window in changing it. The defendant had a key to Robinson's bakery. In explaining his possession, he testified that early in the morning, after the goods were taken, two strangers entered the bakery, and offered to sell a watch and chain, and, upon his refusal to buy, stated they wished to obtain something to eat, and offered to sell the goods in controversy for two dollars; that, when they unrolled them on the counter, he purchased without further examination. The defendant's father and Husted state they saw two strangers leaving the bakery at about that time. The defendant had previously promised to purchase his fiancee goods such as those in controversy. With this condition of the record, it seems hardly necessary to say that the verdict is sustained by the evidence. That the other clerks might have sold the goods was a circumstance for the consideration of the jury, but not controlling when viewed in the light of the established facts. The claim of a purchase from strangers is one very commonly made by those found in possession of stolen property, and is usually, as in this case, discredited by the attending circumstances. Had there been any such a purchase, Marshall would have examined the goods, and told his employer. The coincidence of the entire strangers bringing to him, for a trifling sum, the particular goods requested by his betrothed, is incredible.

Similar occurrences are frequent in fable, but seldom, if ever, happen in real life. The extreme improbability of his account was such that, although undisputed, its truthfulness was for the determination of the jury.

II.   It appeared on the trial that only one of the witnesses testified before the grand jury, and no notice that the state would use others was given defendant. The county attorney was called as a witness, and testified, without objection, that the defendant was indicted in part upon the minutes of the evidence taken before the committing magistrate, and that the substance of this was attached as minutes to the indictment.   The defendant moved to strike out this testimony, because the method of proof was not proper or competent, and the matters could only be established by the record, and also because the name of this witness was not indorsed on the indictment, and no notice was given that he would be used. This motion was overruled.   The objection to the witness came too late.   *State v. Hurd*, 101 Iowa, 391.   It seems the trial judge propounded the questions to the witness, and the defendant's counsel, in an affidavit attached to the motion for new trial, excused himself for not making proper objections on the score of deference to the court.   The authorities are agreed that the judge may ask questions leading in character.   *Huffman v. Cauble*, 86 Ind. 591; *Com. v. Galavan* 9 Allen, 271.   See *Sessions v. Rice*, 70 Iowa, 306; But in other respects his examination of a witness is subject to the same legal objections as may be interposed when conducted by a party or his attorney. *People v. Lacoste*, 37 N. Y. 192; *Sparks v. State*, 59 Ala. 82.   But we think the rule which requires a party to make his objection to the questions when asked, and precludes him from awaiting the answer of the witness, and then moving to strike them out, ought not to prevail when the examination is conducted by the court.   The jurors naturally assume the interrogatories of the presiding judge to be proper, as they are presumed to be, and look upon

objections made thereto by counsel as being in the nature of mere interruptions. Often the character of the case is such that the attorney might otherwise be compelled to elect whether he will save his record or brook the ill will of the jury. Besides, it is always embarrassing to persist in interposing objections, especially in some courts, although one might believe the examination improper or irrelevant to the issues, and prejudicial to his client. It was the privilege of defendant to either make objections to the questions of the court when asked, or move to strike out the evidence elicited immediately upon the conclusion of the judge's examination.

III. The ruling of the court in refusing to exclude the evidence is not in conflict with *State v. Little*, 42, Iowa, 51, and *State v. Miller*, 95 Iowa, 368. These cases simply hold that, on a motion to set aside an indictment because the names of all witnesses examined before the grand jury are not indorsed thereon, the minutes returned therewith are made by the statute conclusive as to what names are or should be indorsed on the back of the indictment. This does not preclude the use of evidence other than the minutes on the trial, in order to determine whether the witness was in fact examined before the grand jury or committing magistrate. *State v. Porter*, 74 Iowa, 623.

Whether the record and minutes of the migistrate are the best evidence that witnesses were examined, and minutes thereof returned by him with the papers to the clerk, we shall not determine, as that objection was not urged in the motion. In any event, the showing that the witnesses did not testify before the grand jury was not sufficient to warrant this inquiry. Their names were indorsed on the indictment, and minutes of their evidence returned therewith. Under such circumstances, it is presumed their evidence was properly before the grand jury; and to overcome this presumption, it must be made to affirmatively

appear, not only that they did not testify before the grand jury, and no notice was served, but also that they either did not give evidence before the committing magistrate, or else that the minutes thereof made by him were not used by the grand jury. Section 4221 of the Code of 1873 must be construed in connection with sections 4273 and 4289. To give to each section the effect intended, it must be held that the use of the minutes of a witness examined before the committing magistrate by the grand jury is equivalent to an examination of the witnesses before that body. The written examination takes the place of the oral, and to this extent section 4421 is modified by the other sections. *State v. Beal,* 94 Iowa, 39; *State v. Cook,* 92 Iowa, 483; *State v. Wise,* 83 Iowa, 596; *State v. Rodman,* 62 Iowa, 456.

IV. This question was asked Anderson, "What were the goods that were stolen, and name some of the goods that were stolen at the time?" and objected to as assuming that a larceny had been committed when none had been shown. The witness had previously testified, however, that the goods had been stolen from the store. Robinson testified to having found a sack of candy in his store of a kind not sold by him, and the defendant objected to its introduction in evidence because not identified as having been taken or stolen. There is no evidence that the defendant had anything to do with this candy, but its use in evidence could not possibly have worked any prejudice to him. The defendant also objected to evidence as to the condition of the doors and windows for several days after June 12th, because there was nothing to connect him therewith. He allowed this testimony to go in without objection, and then moved for its exclusion. A party cannot be permitted to wait for an answer, and then, if

unsatisfactory, ask that it be stricken from the record. But, in any event, the evidence was admissible as showing the condition of the premises at or about the time of the transaction, and as indicating a probable way by which entrance was obtained when the goods were taken.

The defendant next urges that the court erred in allowing Naomi Houston to testify to the contents of a letter without having shown its loss. This evidence was drawn out by defendant on cross-examination, and was afterwards withdrawn from the jury on his motion. He is not therefore in a situation to complain, and no instruction with reference thereto was required unless requested.

V. The instruction on reasonable doubt was evidently taken from the language of Dillon, J., in *State v. Ostrander*, 18 Iowa, 435 (page 458 of the opinion). It closes with this clause: "Absolute certainty is not required, and it is rarely, if ever, possible in any case; but, to justify a conviction, the evidence, when taken as a whole, and fairly considered, must so satisfy your judgments and consciences as to exclude every other reasonable conclusion." This is a correct statement of the law. Absolute certainty is seldom possible, and never required. But the conclusion must be so certain as to exclude any other reasonable hypothesis. The other instructions state the law as approved by this court. See *State v. Hayden*, 45 Iowa, 11; *State v. Ham*, 98 Iowa, 61; *State v. LaGrange*, 94 Iowa, 60; *State v. Mecum*, 95 Iowa, 433; *State v. Ormiston*, 66 Iowa, 143. The instructions as a whole are clear, comprehensive, and correct. We discover no error in the record, and the judgment is AFFIRMED.