J. B. Foley, Petitioner, v. Hubert Utterback, Judge, Respondent.

**CONTINUANCE**: Grounds—Affirmative Showing. ''Prejudice'' of the judge as a ground for continuance must be *affirmatively* shown. Mere *belief* that the judge is so prejudiced is insufficient.

**COURTS**: Jurisdiction—Division Among Judges. The mere division of judicial duties by agreement of the judges does not deny judicial functions to any judge of the court.

**SEARCHES AND SEIZURES**: Legality—Collateral Attack. The legality of a search warrant may not be attacked in a collateral proceeding.

**EVIDENCE**: Competency—Evidence Wrongfully Obtained. A party who *consents* to a search of his premises may not claim that the articles and things found constituted evidence wrongfully obtained.

*Certiorari to Polk District Court.*—Hubert Utterback, Judge.

November 20, 1923.

Proceeding in certiorari, to review the action of the district court of Iowa (Hubert Utterback, judge, presiding) in and for Polk County, in entering an order finding the petitioner herein guilty of contempt of court in the violation of a liquor injunction, and committing him to jail for a period of six months.—*Writ annulled and judgment affirmed.*

*James E. O'Brien,* for petitioner.

*Vernon R. Seeburger,* County Attorney, and *Russell Jordan,* Assistant County Attorney, for respondent.

De Graff, J.—Petitioner in this court was defendant in the district court in an action on information charging him with contempt in the violation of the terms of a liquor injunction. The facts briefly stated are these: On April 24, 1918, the petitioner was enjoined from keeping, selling, or otherwise traffick-

ing in intoxicating liquors in the state of Iowa. On June ·21, 1919, on information and trial, he was found guilty of contempt of court for violating the terms of the injunction, and was sentenced to the Polk County jail for a period of six months, and fined $1,000. On January 30, 1923, the instant information and petition was filed, charging him with further violation of the injunction. A search warrant issued, and officers went to the home of the petitioner in East Des Moines, Iowa, and upon search found twelve bottles of beer, and in a trap under the kitchen floor, eight full gallons of alcohol, one gallon nearly full, and one bottle of tincture of orange peel. The liquor belonged to the petitioner. The wife stated that she had made the beer for her mother's use. The alcohol in question was ·denatured alcohol that had been redistilled. A chemical analysis disclosed that it contained 83.2 per cent alcohol by volume, and ·89.6 per cent by weight. The home brew contained 4.1 per cent alcohol by volume. The petitioner testified that the alcohol was purchased in St. Louis at the time his wife was in partnership with a Mr. Brush in the operation of a drug store at 1401 Locust Street, Des Moines, and that he ordered this alcohol and had it sent to his house. He denied having sold any intoxicating liquors. When the alcohol was consigned from St. Louis, it was marked, "Denatured Alcohol," and the shipment contained twenty-four cases, as shown by the bill of lading.

It is first contended that the court abused · its discretion in refusing a change of venue on account of the prejudice of the trial judge. The affidavit was signed by three persons, and

1. CONTINUANCE: grounds: affirmative showing.

alleged that each of the affiants "verily believes that the Honorable Hubert Utterback, judge of said court, is so prejudiced against the defendant and his cause of action and the subject-matter of said cause of action that the defendant cannot obtain a fair and impartial trial."

The prejudice alleged must be affirmatively shown. Mere belief on the part of affiants is insufficient to overcome the presumption which arises from the denial implied from the order of the judge denying the petition. *State v. Hale*, 65 Iowa 575.

It is incidentally stated in the argument filed by the petitioner that this cause was in equity, and not in the division of

the court presided over by Judge Utterback at the time in ques-

2. COURTS: juris-
diction: divi-
sion among
judges.

tion. The district court is a court of general jurisdiction, and the mere division of judicial duties by agreement of the judges does not in itself deny judicial functions to any judge of that court.

It is further contended that the search warrant in question was illegal, and violative of constitutional and statutory provisions. It is claimed on the record that Don Parrott, affiant

3. SEARCHES AND
SEIZURES: le-
gality: collateral
attack.

named in the search warrant, had never actually purchased liquor from the petitioner, and that he testified he had never heard of anyone's buying liquor from said petitioner. This fact would not necessarily invalidate a search warrant issued by a judge on sworn information. The reason or motive that actuates a judge in the issuance of a search warrant is not involved in a collateral attack. The information was in conformity to statute, and recited the essentials for the issuance of a warrant. It is shown, however, that the service of the search warrant was waived in this case, and that the officers who executed the warrant entered

4. EVIDENCE:
competency:
evidence wrong-
fully obtained.

the premises on invitation and were permitted to search without objection. Clearly, the evidence of what was found on the premises was competent, and properly received upon the trial, regardless of the attack now made upon the validity of the search warrant. *State v. Tonn,* 195 Iowa 94. If a person consents to the search of his premises, he cannot thereafter invoke a statutory or constitutional inhibition in an effort to avoid the legal effect of evidence arising from a voluntary act.

Upon the whole record, we conclude that the finding and decree of the lower court should be affirmed. Wherefore the writ is discharged and the judgment affirmed.

PRESTON, C. J., STEVENS and ARTHUR, JJ., concur.