Argued December 6, 1966, affirmed February 1, 1967

# STATE OF OREGON *v.* DALE HELMICK

423 P. 2d 170

*Leonard J. Keene,* Medford, argued the cause and filed a brief for appellant.

*Michael S. Killoran,* District Attorney, Grants Pass, argued the cause for respondent. With him on the brief was Robert M. Burrows, Deputy District Attorney, Grants Pass.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

DENECKE, J.

The defendant was found guilty of assault with intent to commit rape.

The defendant contends the trial court committed error in admitting an incriminating written statement of the defendant. The trial court held a preliminary hearing to determine whether the statement was admissible and made special findings of fact that the statement was made voluntarily and after the defendant had been advised in compliance with *State v. Neely,* 239 Or 487, 395 P2d 557, 398 P2d 482 (1965).

■ Defendant's contentions on appeal only go to the weight of the evidence. There is evidence to support the trial court's findings and, therefore, they must be sustained.

■ After the defendant testified at the hearing on admissibility, the trial court asked if either side had anything more to offer. The district attorney, who was trying the case, said he was present during the interrogation, but he did not want to testify and thereby disqualify himself from arguing the case. The trial court stated: "I don't think you should testify." The defendant contends this was error as the trial court did not hear and weigh all the available evidence on the issue. The trial court was not required to hear further testimony in support of the ruling it was about to make. If the defendant believed the district attorney's testimony would have supported his position, he should have called him.

The district attorney, on direct examination, questioned one of those present at the alleged assault as follows:

"Q Did anyone attempt to leave during this period?

"A Leave?

"Q Leave the scene?

"A No.

"Q At any time during this assault did anyone attempt to leave?

"MR. KEENE: If it please the Court, I would object. Counsel is being rather presumptuous by saying 'during the assault.' I think that's an issue for the jury.

"THE COURT: Well, I see nothing wrong with it. Objection overruled.

"Q At any time during this assault did anyone attempt to leave?"

■ The question assumes as true that there was an assault,—the matter in issue—and the court's comment further tends to establish the truth of the fact that an assault occurred. Ordinarily, this is not a proper manner in which to frame questions. McCormick observes that when a question is so framed:

"* * * The danger here is two-fold. If the examiner is putting the question to a friendly witness, the recitation of the assumed fact may suggest the desired answer, and secondly, whether the witness is friendly or hostile, the answer is likely to be misleading. Oftentimes, the question will be so far separate from the assumption that if the witness answers the question without mentioning the assumption, you cannot tell whether he ignored the assumption or affirmed it." McCormick, Evidence, 12, § 7 (1954).

■ When neither of the two above-quoted dangers are present, however, a question assuming the truth of the fact in issue is not erroneous. The dangers are not present if the witness has previously testified to the truth of the fact assumed in the question. McCormick, Evidence, 12, § 7, n 2 (1954). In *State v. Marshall,* 105 Iowa 38, 74 NW 763, 765 (1898), the charge was burglary and whether the goods were stolen was an issue. The witness had previously testified the goods had been stolen. For this reason the court held it was not error for the prosecutor to ask: " 'What were the goods that were stolen * * *?' " Accord, *Graham v. McReynolds,* 90 Tenn 673, 18 SW 272, 276-277 (1891).

■ In the present case the witness had previously unequivocally testified that there had been an assault

upon the girl. Under these circumstances the asking of the question in this form is not error; however, we do not recommend the practice. Similarly, the trial court's comment is not error because under the circumstances there was "nothing wrong" with the form of the question. Again, we do not recommend the practice as it could be construed as a comment on the witness's credibility.

Affirmed.