## NOBLE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 2, 1911.)

### No. 1,807.

1. CRIMINAL LAW (§ 302*)—DISMISSAL—SATISFACTION TO PARTY INJURED.

Carter's Ann. Code Cr. Proc. Alaska, § 254, provides that if a party injured appears before the court at which the defendant is bound to appear at any time before trial on an indictment for crime, and acknowledges in writing that he has received satisfaction for the injury, the court, in its discretion, on payment of costs and expenses incurred, may order all proceedings stayed on the prosecution and defendant discharged. *Held*, that where, in a prosecution for assault and battery, the prosecuting witness filed an affidavit by which he petitioned the court to dismiss the prosecution, and alleged that the complaint had been sworn to as a matter of precaution to prevent further trouble, allowing the complainant to continue with his work, the presentation of such paper was not a compliance with the statute, and insufficient to move the court to dismiss.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 302.*]

2. CRIMINAL LAW (§ 302*) — DISMISSAL OF PROSECUTION — SATISFACTION TO COMPLAINING WITNESS—DISCRETION.

Under the express provisions of Alaska Code, § 254, authorizing dismissal of a criminal prosecution on the acknowledgment of the complaining witness that he has received satisfaction for the injury, etc., whether the prosecution should be stayed and the charge dismissed on such acknowledgment is within the discretion of the trial court.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 302.*]

3. CRIMINAL LAW (§§ 419, 420*)—EVIDENCE—HEARSAY.

In a prosecution for assault arising out of a dispute over the products of a mine, evidence of statements made to prosecutor by M. prior to the assault, with reference to the transaction, when sought to be proved by prosecutor, were inadmissible.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. §§ 419, 420.*]

4. CRIMINAL LAW (§ 1166½*)—APPEAL—HARMLESS ERROR—REMARKS BY COURT.

Remarks by the court in the course of a ruling on motion for a directed verdict, in the absence of the jury, are not available as grounds for error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3125; Dec. Dig. § 1166½.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. CRIMINAL LAW (§ 829*)—TRIAL—INSTRUCTIONS.

The court having instructed the jury to pay no attention to anything they might have read about the case, but to base their verdict only on what was produced at the trial, it was not error to refuse to charge that the jury should disregard certain newspaper reports printed during the course of the trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.*]

6. ASSAULT AND BATTERY (§ 96*)—INSTRUCTIONS.

In a prosecution for assault and battery resulting from a dispute over the ownership of certain gold dust or royalties, the court properly charged that it was immaterial whether defendant had acquired an interest in the gold extracted from the mine, or whether he had a right to be on the premises to collect royalties, or to make a clean-up.

[Ed. Note.—For other cases, see Assault and Battery, Dec. Dig. § 96.*]

In Error to the District Court of the United States for the Fourth Division of the District of Alaska.

Jesse Noble was convicted of assault and battery, and he brings error. Affirmed.

F. J. Kierce and H. J. Miller, for plaintiff in error.

Robert T. Devlin, U. S. Atty., and Benjamin L. McKinley, Asst. U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error was convicted under an indictment which charged that on June 11, 1908, he "did unlawfully and maliciously assault, strike, beat, and wound one Joseph Richardson, contrary to the form of the statute," etc.

[1] He assigns error to the denial of his motion to discharge and dismiss the indictment against him because of the request of the prosecuting witness, which it is contended was preferred under section 254 of the Alaskan Code, which provides that:

"If the party injured appear before the court at which the defendant is bound to appear, at any time before trial on an indictment for crime, and acknowledge in writing that he has received satisfaction for the injury, the court may, at its discretion, on payment of the costs and expenses incurred, order all further proceedings to be stayed upon the prosecution, and the defendant to be discharged therefrom, but the order and the reasons therefor must be entered on the journal."

The prosecuting witness, Richardson, presented an affidavit, which was filed, in which he said:

"I do hereby ask and petition the court to dismiss the said above-entitled case now pending in your court against the said Jesse Noble (the complaint having been sworn to as a matter of precaution to prevent further trouble, allowing the complainant to continue with his work)."

The presentation of this paper was in no respect a compliance with the terms of the statute. It was simply a request that the case be dismissed. It was no acknowledgment that the witness had received satisfaction for the injury.

[2] Again, the statute leaves it to the discretion of the court to decide upon the presentation of the acknowledgment therein referred to whether prosecution shall be stayed and the charge dismissed, and it is evident that the court below did not deem the case one which called for the exercise of discretion in favor of the plaintiff in error.

[3] Error is assigned to the exclusion of certain testimony which was sought to be elicited on the cross-examination of the prosecuting witness. The assault occurred upon the attempt of the plaintiff in error to take possession of certain gold dust at a mine which had been leased to a firm of which one Maddocks was a member. The plaintiff in error claimed to own the property by virtue of a marshal's sale. The prosecuting witness was asked whether or not Maddocks had said to him that he intended to beat the plaintiff in error on execution, and had asked him if he were a fighter, and had informed him that the plaintiff in error was coming over to receive his share of the royalties, and that he wanted the witness to prevent him from having anything to do with the clean-up, and asked him if he would assist in preventing him, and if he would do the fighting. All these questions might properly have been, as they were, propounded to Maddocks, who was a witness in the case, in order to show his animus toward the plaintiff in error, or for the purpose of impeaching Maddocks, but, when propounded to the prosecuting witness, they were properly excluded. It was clearly incompetent to prove by him what Maddocks had said to him prior to the assault.

[4] It is assigned as error that in the course of the trial the court made certain remarks which tended to prejudice the plaintiff in error. We do not think the remarks so referred to could have had the effect which is attributed to them. No exception was taken to them, and it appears from the record that the language principally complained of was uttered in the course of the court's ruling on the motion for a directed verdict, and in the absence of the jury.

There are other assignments of error in the exclusion of certain testimony. We find them to be absolutely without merit, and it could serve no good purpose to discuss them at length.

[5] Error is assigned to the refusal of the court to instruct the jury to disregard certain newspaper reports printed during the course of the trial, in one of which it was said that the court had remarked: "To hit a man over the head with a hammer is not the lawful way to collect royalties." But the bill of exceptions shows that at the close of the trial the court, at the request of counsel, instructed the jury to pay no attention to anything they might have read about the case, and to base their verdict only on what was produced at the trial.

[6] There was but one exception taken to the instructions to the jury, and that was to the portion thereof in which the court charged that it was immaterial whether the plaintiff in error had acquired an interest in the gold or gold dust extracted from the mine, or whether he had the right to be on the premises to collect royalties, or whether he had the right to go on the premises and make a clean-up. There was no error in so instructing the jury. The issue before the jury was whether the plaintiff in error was guilty of assault and battery upon the prosecuting witness. The question of the right of the plaintiff

in error to be upon the premises where the assault occurred, as well as the question whether he had a right to the gold dust or to royalties therefrom, were entirely aside from and irrelevant to the question of his guilt or innocence of the crime with which he was charged.

Nor was there error in refusing the instruction which was requested by the plaintiff in error. That requested instruction involved a consideration of the matters above referred to, the right of the plaintiff in error to be upon the premises and to receive his portion of the gold dust, and concluded with an instruction as to the right of the plaintiff in error to resort to violence or the use of such force as was necessary for his protection, and to save himself from bodily harm. The court elsewhere gave the jury full instructions as to the right of a person assaulted to use force in repelling the assault, and gave the plaintiff in error the benefit of all the evidence and the law relating to such defense.

We find no error. The judgment is affirmed.