THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARIO VALENTÍN GALARZA, Defendant and Appellant.

Nos. 9201 and 9202.  Argued March 17, 1942.—Decided March 27, 1942.

*Mario Báez García* for appellant. *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The appellant was convicted in the district court in two cases charging him with petty larceny. The cases were tried jointly, and the appeals in both cases involve identical questions. The appellant assigns four errors on appeal.

The first alleged error is that the district court should have granted the motions to dismiss the cases on the ground that they had been compromised or settled pursuant to §§ 445–6 of the Code of Criminal Procedure. Even if the case comes within the terms of those Sections, disposition pursuant thereto rests in the sound discretion of the district court. *People* v. *Muñoz,* 22 P.R.R. 356; *Noble* v. *United States,* 190 Fed. 538. There is no showing that the district court abused its discretion. Moreover, we agree with the government that larceny, whether petty or grand, by its nature is an offense not included within the terms of §§ 445–6. The Circuit Court of Appeals for the First Circuit has held that even though it is a misdemeanor, petit larceny is a crime involving moral turpitude. *Tillinghast* v. *Edmead,* 31 Fed. (2) 81. See also *People* v. *Collazo,* 51 P. R.R. 437; *People* v. *Crespo,* 3 P.R.R. 288; *State* v. *Frazier,* 52 La. Ann. 1305; *Chambers* v. *Buroughs,* 44 App. Cas. (D. C.) 168; *Commonwealth* v. *Heckman,* 172 Atl. 29 (Pa.); Restitution and the Criminal Law, 39 Col. L. R. 1185, 1194; Note, Crimes Involving Moral Turpitude, 43 Harv. L. R. 117.

■ These two cases involve charges that the defendant, an employee of Julio A. Vallés, had stolen various victrola records and tubes belonging to his employer. The appellant contends that his motion for nonsuit should have been granted on the ground that the evidence presented by the government showed only possession by him of the objects in question. If this were true, his position would be well taken. *People* v. *Dominguez*, 36 P.R.R. 419. However, as the government points out, the testimony also showed that the owner of the articles missed them from his place of business where the defendant worked as an employee. The defendant admitted that he had taken the articles, but contended that he was authorized to "change" the records and tubes. The testimony was that the owner had never authorized the defendant to take away these articles or to do anything in connection with them. The evidence before the court was clearly sufficient to justify a conviction for petty larceny. *People* v. *Laureano*, 20 P.R.R. 7.

■ The appellant also contends that his motion for nonsuit should have been granted because no proof was adduced as to the value of the articles stolen. This contention would be meritorious if the charge had been grand larceny. But in view of the fact that petty larceny requires only some value less than $100.00, there need be no showing of exactly how much the articles were worth.

"According to this doctrine, when the object stolen has an intrinsic value it is not necessary to present direct and specific evidence, and the court or jury may infer that the object has some value, from an inspection of the same or from the description given by the witnesses." *People* v. *Delgado*, 50 P.R.R. 629, 632.

■ The third alleged error was that the court insisted on proof by the defendant in order that he establish his innocence. The defendant could, of course, refuse to testify on the ground that his evidence might incriminate him, and no inference could be drawn from such refusal. However,

we find nothing in the record which justifies the appellant's contention that the court insisted on such testimony. In overruling the motion for reconsideration of its denial of the motion for nonsuit, the court made the following statement:

"The court thinks that the defendant may be able to justify by means of his evidence the possession of those records and tubes. The court considers that it has been shown *prima facie* that that property belonged to Mr. Julio A. Vallés, and that he missed the same; that he notified the police, Detective Andrés A. Vélez, and that the latter conducted an investigation and found those records and tubes in the possession of the defendant. There are sufficient elements to proceed with the case. Let the defendant introduce his evidence."

This statement merely amounted to a brief oral opinion on which the court was basing its ruling on the motion for nonsuit. There is nothing in the statement which demonstrates that the court was demanding either that the appellant produce testimony or that he take the stand himself. Indeed, the court was being liberal in implying that in spite of the *prima facie* case which had been made out against the appellant, he could perhaps by producing testimony explain his possession of the stolen articles and the circumstances pointing to his guilt.

█ There remains to consider only the contention of the defendant that "if the facts occurred on the same day, we are unable to see how the defendant was convicted in both cases, as the facts are simultaneous and constitute a single event . . .".

The failure to allege or to prove the exact date of the taking in a larceny case is not reversible error. *People* v. *Martín,* 26 P.R.R. 587. But whether a series of takings constitutes a single offense as a continuing larceny or separate offenses is a question of fact depending on the circumstances of each case. *People* v. *Serna,* 110 P. (2) 492 (Calif.); *People* v. *Stanford,* 105 P. (2) 969 (Calif.); *People* v. *Mills*

*Sing,* 183 P. 865, 869 (Calif.); *People* v. *Dillon,* 36 P. (2) 416 (Calif.); *Cody* v. *State,* 20 S. W. 398 (Tex.).

Brill, Cyclopedia, Criminal Law, Vol. 2, puts it as follows at pages 258-9:

"Different asportations from the same owner, which are prompted by one design, purpose and impulse, are deemed to be a single act without regard to time. And where different articles belonging to the same person or to different persons are taken from the same place at the same time, there is but one offense. But the taking of different articles from the same or different persons at different times constitute separate offenses."

In the absence of proof in the instant cases that the takings were separate, the court should have granted the motion for nonsuit in the second case.

The judgment in case number 9201 will be affirmed and the judgment in case number 9202 will be reversed.

Mr. Justice Travieso and Mr. Justice Todd, Jr., did not participate herein.