# THE PEOPLE OF THE STATE OF CALIFORNIA v. JOHN BELDEN.

DISTINCTION BETWEEN LARCENY AND EMBEZZLEMENT.—The chief distinction between larceny, as defined in section sixty of the Crimes and Punishments Act, and embezzlement, as defined in section seventy of the same Act, is that in the former case the guilty party has, and in the latter case he has not, the possession of the property at the time of the commission of the offense.

IDEM—EMBEZZLEMENT.—The provisions of the seventieth section of said Act were framed to comprehend only those cases in which property is intrusted to servants,

clerks, etc., by or for their masters, employers, etc.; and no cases fall within said section except where the servants, clerks, etc., have the custody or pos session at the time of the commission of the offense.

IDEM—LARCENY.—B. was indicted and convicted of the larceny of two horses, the property of M. At and before the commission of the alleged offense, B., who was in the employ of M. for that purpose, performed general work in and about M.'s livery stable, from which, as charged, said horses had been stolen, and together with M. performed the labor in, and had charge of the stable and stock therein, including the stolen horses. *Held,* that said horses were, at said time, in the possession of M., and that B. had not such custody of them as to prevent his conviction for a larceny of the horses under an indictment therefor framed under the sixtieth section of the Crimes and Punishments Act.

APPEAL from the County Court of Santa Clara County.

The larceny of which the defendant was convicted was charged to have been committed on the night of March 18th, 1868. The defendant appealed.

The other facts are stated in the opinion of the Court.

*D. W. Herrington,* for Appellant.

*Jo Hamilton, Attorney General,* for the People.

By the Court, RHODES, J.:

The defendant was indicted for grand larceny. McComb, the owner of the horses alleged to have been stolen by the defendant, in describing the nature of defendant's employment, testified as follows: "I had him hired by the month to drive a team, hauling wood and other articles, and doing general work about the livery stable—cleaning off the horses and clearing out the stable—and when I was not there, he had charge of the stable. We both had charge of the horses in the stable, and I told the defendant to let the horses to persons applying for them, when I was not there. The defendant usually slept in the stable. I left him in the stable on the evening of the 18th day of March last."

The defendant's position is, that under such circumstances he could not be convicted of larceny of the horses in the livery stable, though he might be liable for embezzlement

under section seventy, or for a felonious conversion as bailee under section seventy-one of the Act concerning crimes and punishments.  The evidence does not bring the case within section seventy-one, as there is nothing in the case tending to show that the defendant was a bailee of the property. Embezzlement is defined as " the fraudulently removing and secreting of personal property with which the party has been intrusted, for the purpose of applying it to his own use." (Bouv. Law Dict.)  The leading distinction between larceny as defined in section sixty, and the offense defined in section seventy, which is in effect embezzlement, consists in the fact, that in the first place the guilty party has, and in the latter case he has not, the possession of the property at the time of the commission of the offense.  (See Wharton Am. Crim. Law, Notes to Sec. 1,907, and following.)  The seventieth section was not designed to comprehend all cases in which servants, clerks, etc., should steal the personal property of their masters, employers, etc., for the larger part of such cases was provided for by the sections concerning larceny; but only those in which the property was intrusted to them by or for their masters, employers, etc.  The party intrusted with property has it in his custody—his possession.  The question, therefore, upon the solution of which this appeal depends is, in whose possession were the horses while in the livery stable of McComb?

To this question the evidence does not give a doubtful or equivocal answer.  It was not a case of joint or mixed possession of McComb and the defendant.  McComb had the possession of the horses while he was at the stable, and it cannot, upon any theory consistent with reason, be said that the possession changed whenever he was absent from the stable for an hour or a day.  The defendant occupied only the relation of servant to McComb, and although he had labor and duties to perform in respect to the horses, he was not intrusted with them, in the sense of the statute.

Judgment affirmed and remittitur directed to issue forthwith.