[Crim. No. 724. First Appellate District.—June 4, 1918.]

THE PEOPLE, Respondent, v. LEO KAWANANAKOA, Appellant.

CRIMINAL LAW—LARCENY—CUSTODIAN OF PROPERTY.—A person not hired for a servant, but for a caretaker, whose principal duty was to see that no one took anything out of the house of his employer, is guilty of larceny, and not of embezzlement, in feloniously taking personal property from the house.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Jay Monroe Latimer, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—Defendant was charged by information with the crime of grand larceny. He was tried, convicted, and sentenced under the indeterminate sentence law. He now appeals from the judgment and from an order denying his motion for a new trial.

The information charged the defendant with having, on or about November 10, 1916, at the city and county of San

Francisco, feloniously taken an electric lamp, one lot of silverware, one lot of cut glass, certain pictures, a sewing-box, and one lot of linen, the same being the personal property of C. E. Blanchard.

Defendant makes no point on this appeal other than that of the sufficiency of the evidence. As to this he claims that the evidence is insufficient in four respects, namely: (1) That there is no proof that the property in question was that of the complaining witness; (2) that the evidence failed to show that the property was stolen by defendant from Blanchard; (3) that the evidence was insufficient to show that the value of the articles stolen was more than fifty dollars; (4) that there is a variance, in that the crime proven is that of embezzlement and not larceny.

An examination of the record discloses that there is no merit in points 1, 2, and 3. As to the fourth, appellant's contention is that the defendant was shown to be a servant who fraudulently appropriated property which had come into his care by virtue of his employment as such servant, and that this brought him within the provisions of section 508 of the Penal Code. But in making this contention counsel overlooks the fact established by the complaining witness' testimony, that the defendant was a mere caretaker of his premises, whose principal duty was to see that no one took anything out of the house. Quoting the record: "A. He was not hired for a servant. He was hired for a caretaker. Q. And as a caretaker, what were his duties? A. To look after the house and see that it was kept clean, and that nobody took anything out of it, principally."

Counsel erroneously assumes that because the defendant was possibly a custodian of the property, the same was in his possession; but he overlooks the distinction between possession and custody. This distinction is quite appropriately pointed out in Bishop's New Criminal Law, volume 2, page 486:.

"Sec. 824. 1. Possession and custody are in this branch of the law widely distinguishable. There can be no trespass against the custody; it is always against the possession, and it can be committed as well by the custodian as by any other person. For example—

"2. Servant. When a master's goods in possession come within the handling of the servant, the latter has in law no

more than a custody of them, the possession remaining in the former. Therefore the servant may commit larceny of them, as, if a clerk in a store feloniously remove goods from it, this is larceny. . . .

"3. Custodian Generally. Where any person, whether servant or not, has the bare charge or care of another's effects, 'the legal possession,' observes East, 'remains in the owner; and the party may be guilty of trespass and larceny in fraudulently converting the same to his own use.' "

Thus it was held in the case of *People* v. *Belden*, 37 Cal. 51, where a livery-stable owner had employed the defendant as caretaker of his livery-stable, and although the owner was absent and the defendant was in charge at the time the latter asported certain horses, the defendant was guilty of larceny and not embezzlement. The court there said: "The defendant occupied only the relation of servant to McComb, and although he had labors and duties to perform in respect to the horses, he was not intrusted with them in the sense of the statute."

This fourth contention of the appellant must, therefore, be disallowed.

The judgment and order are affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on July 3, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 1, 1918.