PEOPLE, PLAINTIFF AND APPELLEE, v. MARTÍN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Petit Larceny.

No. 1238.—Decided July 26, 1918.

LARCENY—DEMURRER.—It is established by the jurisprudence of this court that matters not privileged in the nature of a demurrer presented on the day of the trial come too late.

ID.—INFORMATION.—The failure to describe in detail in an information charging larceny of wood the kind, class or value of the wood stolen and to express the exact date of the alleged appropriation is not · fundamental error.

ID.—AGENT.—The crime of larceny may be committed by an agent, bailee or trustee.

The facts are stated in the opinion.

Mr. Angel A. Vázquez for the appellant.

Mr. Salvador Mestre, fiscal, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

As a first ground of error the appellant attacks the information. If the transcript be examined it will be seen that no demurrer was filed. As shown, however, by the statement of the case, the defendant at the trial presented what he styled a peremptory exception. We have decided in the case of *People* v. *París*, 25 P. R. R. 103, that matters not privileged in the nature of a demurrer presented on the day of the trial come too late. See also *People* v. *Ramírez de Arellano*, 25 P. R. R. 243.

The court, then, should only take notice of fundamental errors in the information. It is as follows:

"The said Luis Martín heretofore, in or about July, 1917, and in the ward of Boquerón, located in Pasaje of the municipal judicial district of Cabo Rojo, which forms part of the judicial district of Mayagüez, P. R., illegally, voluntarily, maliciously and with the intention of benefiting himself, took wood belonging to The People of Porto Rico of the value of seventy-one dollars ($71), and the said defendant appropriated it fraudulently, thus depriving The People

of Porto Rico of the ownership of the same. The wood taken by the defendant belonged to a farm known as 'Morrillos de Cabo Rojo,' an islet.''

It was not necessary to describe in detail the kind, class, or value of the wood alleged to have been taken, nor was it necessary to express the exact date of the alleged taking. The failure to include these matters was not even subject to an averment of error, and their omission is certainly not fundamental. It was not error at all to describe Morrillos de Cabo Rojo as an island and also as a farm located in Pasaje in the ward of Boquerón. Variance between the information and the proof was not alleged. Other alleged errors of a similar nature need not be considered.

A more serious error is the question of whether defendant did in fact convert the wood to his own use so as to bring his act within the definition of the crime of larceny. The facts as to the taking are not disputed. The defendant was the principal lighthouse keeper on the island Morrillos de Cabo Rojo. He ordered certain peons to cut wood which was converted into charcoal and sold by him. Appellant maintains that these acts constitute embezzlement. That the commission by agent, bailee or trustee may constitute larceny, is shown by the following cases: *People* v. *Poggi,* 19 Cal. 600; *People* v. *Bilden,* 37 Cal. 51; *People* v. *Johnson,* 91 Cal. 265, 27 Pac. 663; *People* v. *Perini,* 94 Cal. 573. When the defendant had the wood cut, converted into charcoal and then sold, his act fell within section 426 of the Penal Code, as follows:

''Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another.''

The People of Porto Rico could not be conceived to have parted with the possession of the property by appointing a custodian.

We likewise find that there was sufficient proof that the wood taken belonged to The People of Porto Rico and that

the act charged was committed a short time before the filing of the information, or at about the time of the arrest.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.