El Pueblo, Apelado, *v.* Alvarado, Apelante.

Apelación procedente de la Corte de Distrito de Ponce.

No. 456.—Resuelto en junio 26, 1913.

Perjurio—Desacato—Jurisdicción—Acción Civil Pendiente—Presunción.— No puede alegarse con éxito por primera vez en apelación el error de que la orden para mostrar causa por la cual no deba ser castigada una parte como perjuro por desacato no contenía la alegación necesaria para dar jurisdicción a la corte inferior, de que la acción civil en la cual se cometió el perjurio estaba aún pendiente, pues al menos que se pruebe lo contrario la presunción es que la corte inferior actuó de acuerdo con la ley y de que la acción civil estaba pendiente.

Id.—Orden para Mostrar Causa—Juramento de la Parte.—El apelante alega que es insuficiente para demostrar que la declaración prestada por él fué bajo juramento, la manifestación hecha en la orden para mostrar causa de que el acusado prestó juramento solemne ante la corte de decir la verdad. Se resolvió que esta clase de errores deben ser objetados en la corte inferior y que pueden ser suplidos por la prueba presentada.

Pruebas—Perjurio—Desacato.—En un procedimiento sumario para castigar el perjurio como desacato es bastante para probar la importancia de la declaración falsa prestada por el acusado en la acción civil, presentar aquella parte de los autos del caso civil que tienda a demostrar esa importancia, no siendo indispensable presentar como prueba todos los autos.

NON SUIT—RENUNCIA—PRESENTACIÓN DE PRUEBA POR EL DEMANDADO.—Se entiende
que un demandado renuncia a su moción de *non suit* cuando después de dene-
gada ésta presenta su prueba.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. José A. Poventud.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

Enrique Alvarado fué testigo en un pleito civil seguido
por la corporación *Marvin & Jones* v. *Marcelino Torres Zayas,*
sobre nulidad de un contrato y de expediente posesorio y
reivindicación de finca rústica, en 21 de marzo, 1912, o sea
durante el juicio del pleito que pendía entre las partes y de-
claró "que en ninguna ocasión, ni antes ni después de enta-
blado el pleito antes mencionado tuvo conversación alguna
con Don Juan Seix en la que manifestara al último que no
había pagado cantidad alguna por la compra de la finca de
treinta y cuatro cuerdas en dicho pleito reclamada, y que esa
finca se la había traspasado su suegro Don Marcelino Torres
Zayas, y que si éste no la entregaba a Don Marvin, él, Alva-
rado, la entregaría; que jamás conversó con el Señor Seix
en sentido alguno con respecto a ese traspaso o enajenación,
ni ha cambiado con dicho señor ni una palabra sobre el asunto
a que dicho pleito se contraía; que no ha hecho manifesta-
ción alguna al Señor Seix en presencia de Don Francisco
Giménez el día 13 de marzo, 1912, o en cualquier otro día
por la que hubiere reconocido que no tenía derecho alguno
que reclamar en dicho pleito civil, ni ha hecho al Señor Gimé-
nez ninguna declaración reconociendo que hubiera hecho ma-
nifestaciones en aquel sentido al Señor Seix; ni que tampoco
habló el día 14 del corriente con el Señor Giménez sobre el
asunto del mencionado pleito en ningún sentido, en ocasión
en que ambos se dirigían juntos en un coche a sus respec-
tivas casas."

La declaración anterior fué considerada por la corte infe-
rior como un perjurio, y el día 25 de marzo, 1912, y de acuerdo
con la ley para proveer un castigo sumario por el delito de

perjurio cometido en corte abierta, aprobada en 9 de marzo, 1911, fué librada una orden citando a dicho Enrique Alvarado para que compareciera ante la corte el día 28 de marzo, 1912, a mostrar las causas por las cuales no debía ser castigado por desacato por perjurio. El juicio tuvo lugar el día 4 de abril 1912, y en 9 de abril 1912 la corte declaró al acusado culpable de desacato por perjurio y le condenó a pagar una multa de $100, o en su defecto, a sufrir un día de cárcel por cada dos dólares que dejara de satisfacer.

Contra esta sentencia se interpuso esta apelación y consta en los autos un pliego de excepciones y una exposición del caso, habiendo presentado el abogado en su alegato nueve fundamentos de error. El primero de éstos se refiere a la falta de jurisdicción de la corte. El apelante alega en primer término que no hay jurisdicción porque la orden inicial no contenía ninguna alegación de que en la fecha en que dicha orden fué dictada por la corte, se encontraba pendiente el caso civil. Esta cuestión no fué alegada ante la corte inferior donde era debidamente materia de defensa, y no habiendo prueba alguna en sentido contrario, la presunción sería que la corte obró de acuerdo con la ley y que el caso civil está aún pendiente.

Por el mismo fundamento de este error alegó el apelante que la orden inicial era mala porque en ella solamente se alegó que el acusado compareció y prestó ante la corte un solemne juramento de decir verdad, lo que, según alega el apelante, no es una alegación suficiente de que su declaración se hiciera bajo juramento; el apelante se funda al parecer, en que la corte expresó más de lo que era necesario, pero esto no es en manera alguna una cuestión contra la que deba presentarse objeción en la corte inferior y el error quedaría subsanado por las pruebas aportadas al juicio. Existen otras cuestiones de igual naturaleza que fueron corregidas por la prueba.

El segundo y tercer error hacen referencia a la supuesta inconstitucionalidad de la ley de marzo 9, 1911, cuya cuestión ha quedado resuelta por este tribunal en los casos de

*El Pueblo* v. *Valcourt,* 18 D. P. R., 484, y *El Pueblo* v. *Four-quet,* 17 D. P. R., 1077.

El cuarto error que ha sido alegado se refiere a haberse admitido como prueba una certificación del secretario de la corte, comprensiva solamente de la demanda enmendada y de la contestación en el pleito civil, para probar la materialidad de las declaraciones de dicho acusado. Sin embargo, tanto la demanda como la contestación constituyen la controversia entre las partes y era la mejor prueba tendente a mostrar la materialidad de la supuesta falsedad de la declaración del apelante. El artículo 850 de los Estatutos Revisados de los Estados Unidos es localmente inaplicable en cuanto a procedimientos criminales, por las mismas razones expresadas por este tribunal en el caso de *El Pueblo* v. *Román,* 18 D. P. R., 358.

El apelante se queja además de que la corte admitió como prueba las certificaciones preparadas por el taquígrafo de la corte, de las declaraciones prestadas por los testigos Jaime C. Seix, Francisco Giménez y Enrique Alvarado, sin exigir que toda la prueba fuera transcrita y certificada. Esta prueba fué admitida al parecer sin objeción alguna por el apelante, pero de todos modos éste tuvo oportunidad para presentar el resto de la prueba que fué presentada en el caso civil o aquella parte de la misma que hubiera creído necesaria y pertinente.

El sexto señalamiento de error hace referencia a cierta prueba que fué admitida por la corte tendente a mostrar que el apelante había dicho que a lo más que temía era al memorandum de costas y no al resultado del juicio, y que estaba de por medio su suegro en el pleito. Esta fué una ligera prueba tendente a mostrar el perjurio y por tanto era admisible; además, como el juicio se celebró ante la corte, puede presumirse que ésta hizo caso omiso de cualquiera prueba que no fuera esencial o pertinente. *Calvo* v. *Belber,* 16 D. P. R., 360; *El Pueblo* v. *Rosado,* 16 D. P. R., 434.

El séptimo señalamiento de error se refiere enteramente

a que la corte dejó de ordenar el sobreseimiento del caso, pero al desestimarse esta moción el acusado presentó su prueba renunciando así a ese derecho, puesto que los elementos que alegó que faltaban fueron luego presentados; por ejemplo, el Fiscal dejó de probar que Alvarado había prestado juramento pero hubo prueba, sin embargo, de que era testigo en el juicio y fué luego juramentado el subsecretario para probar que él le había tomado juramento al apelante. Bajo este mismo fundamento de error, discute el apelante la materialidad de la declaración de Alvarado y creemos que era suficiente para probar la materialidad, que se hiciera una simple comparación de las cuestiones en el pleito civil y la declaración de Alvarado.

El octavo señalamiento de error se refiere a la resolución de la corte negándose a admitir el récord íntegro de este caso y todas las declaraciones prestadas por los testigos para probar la inmaterialidad de la declaración del acusado. Todos los autos no eran en sí admisibles sino aquellas partes de los mismos de donde pudiera probarse la inmaterialidad de las declaraciones de los testigos. El apelante no hizo diligencia alguna para que los autos fueran certificados y remitidos a este tribunal y, por tanto, no podemos estimar si dichos autos eran necesarios o nó al apelante. Además, creemos que la materialidad de su declaración quedó probada por la comparación a que ya hemos hecho referencia.

El noveno error hace referencia a la contradicción que hubo en la prueba, y como no vemos que haya habido parcialidad, pasión o prejuicio o grave error al considerar las pruebas, no hay razón alguna por la que deba declararse con lugar este señalamiento de errores.

Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.