EL PUEBLO, DEMANDANTE Y APELADO, *v.* LAUREANO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en un caso sobre hurto de menor cuantía.

No. 646.—Resuelto en enero 13, 1914.

ALEGATO DEL APELANTE—ERRORES FUNDAMENTALES.—Cuando la parte apelante no presenta alegato, la corte sólo examinará los errores fundamentales.

Hurto de Menor Cuantía—Posesión de los Bienes Robados—Circunstancias de la Comisión del Delito.—Tal vez la posesión de bienes robados inmediatamente después del robo por sí sola no produzca la presunción de culpabilidad en el poseedor, pero generalmente concurren otras circunstancias que deben ser tenidas en consideración para determinar la culpabilidad del acusado.

Id.—Forma de Adquisición del Artículo Robado.—El no poder una persona explicar cómo adquirió la posesión de un artículo robado, a pesar de dársele oportunidad para ello, constituye una de las circunstancias de la comisión del delito suficiente para declarar culpable al acusado. En la opinión se analiza la jurisprudencia sobre esta cuestión.

Id.—Posesión de Bienes Robados—Circunstancias que Establecen la Culpabilidad del Poseedor.—Cuando una persona que se está lavando las manos deja una sortija en un lavabo y teniendo que salir de pronto, desaparece dicha sortija, y al acusado que tenía acceso a dicho sitio por estar empleado en la misma fábrica se le halla en posesión de dicha sortija, y al ser preguntado sobre ella contesta que se la compró a un negrito, sin que pueda luego presentar a dicho negrito, y sin que en el acto del juicio pruebe ser de buena reputación, tales circunstancias son suficientes para declarar culpable al acusado del delito de hurto de dicha sortija.

Los hechos están expresados en la opinión.

Abogado del Pueblo: Sr. *Charles E. Foote, Fiscal.*

Abogado del apelante: Sr. *Celestino Iriarte, Jr.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La presente es una de las muchas apelaciones en causa criminal sometidas a la consideración de este tribunal en la que el apelante no ha presentado alegato ni hecho comparecencia alguna hasta el día de la vista. Esta práctica es sumamente deplorable e impone una labor más, tanto a la corte como al Fiscal. Si se espera hasta el último momento para solicitar la intervención de los abogados en los casos, entonces deberá hacerse una moción al tribunal pidiendo permiso para archivar el alegato y notificarse al Fiscal de esta corte. Si entonces denegare el tribunal la solicitud el abogado habrá cumplido enteramente con sus deberes para con la corte y su cliente. No debe el abogado asistir a la vista sin justificar debidamente la razón que ha habido para no formular el alegato, pues de no cumplirse con este requisito no consideraremos otros errores que los que sean fundamentales, como los de falta de jurisdicción y los de que la acusación no imputa un delito público.

El apelante fué juzgado y declarado culpable de un delito de hurto de menor cuantía tanto en la corte municipal como en la de distrito, habiendo sido condenado por esta última a sufrir dos meses de cárcel. La única cuestión que ha planteado el apelante se refiere a que la mera posesión de un artículo robado no hace surgir presunción alguna de culpa, y que no habiéndose probado más que la posesión del objeto robado, la prueba fué insuficiente para declarar culpable al acusado.

Los hechos ocurrieron de la manera siguiente: Bernabé Pascual, o sea el denunciante, era dueño de una sortija. Es un maquinista encargado de cierta máquina en la fábrica de tabacos "La Colectiva." Fué a lavarse las manos y se quitó la sortija, poniéndola sobre el lavamanos; en eso gritó una mujer que se había pillado una mano en una máquina y corrió a auxiliarla. Cuando volvió por la sortija ya no estaba allí. Algún tiempo después recuperó el perjudicado la sortija en la tienda de José Trápaga. José Trápaga la había comprado a un policía llamado Jacinto González quien la compró a Angel María Castro. Angel María Castro la había comprado al acusado Ignacio Laureano. Uno de los policías siguió la pista del anillo desde que salió del acusado hasta que fué a poder de Trápaga. Al ser preguntado el acusado cómo obtuvo la sortija, contestó que la había comprado a un negrito. El policía le dió tiempo al acusado para que buscara al negrito, y habiendo transcurrido dos semanas sin que éste apareciera, procedió el policía a arrestar a dicho acusado. Este también era empleado de "La Colectiva" al ocurrir el robo de la sortija y tenía acceso al sitio donde Bernabé Pascual dejó el anillo. La sortija valía menos de $15.

Durante la vista el Fiscal de este tribunal alegó que de acuerdo con el criterio de la mayoría de las cortes la posesión de objetos recientemente después de haber sido robados, establece una presunción de culpa y exige al acusado que explique dicha posesión, constituyendo prueba suficiente para justificar una sentencia condenatoria; y cita el caso de *Knickerbocker* v. *The People,* 43 N. Y., 177, y otros. El Fiscal admite

el hecho de ser distinta la regla en California, de cuyo Estado
fué tomado nuestro Código Penal. El principio en Califor-
nia y otros Estados es que la simple posesión de objetos roba-
dos sin concurrir otras circunstancias no es suficiente para
declarar culpable al acusado. *People v. Swinford,* 57 Cal., 86;
*People v. Brown,* 48 Cal., 253; *People v. Wong Chong Suey,*
110 Cal., 121.

Expresa Wigmore en el párrafo 2513 de su obra sobre
Evidencia, que "una de las cuestiones que han dado más que
hacer sin provecho alguno ha sido la de si en ciertos casos
el hecho de encontrarse el acusado en posesión de los bienes
robados hace surgir la presunción de que él fuera el ladrón."
Esa es ciertamente, dice el tratadista, una deducción de hecho.
Wharton en su obra de Evidencia Criminal, párrafo 758,
edición décima, hace iguales consideraciones como también
Chamberlayne en la Ley Moderna de Evidencia, párrafos 1123
y siguientes. Manifiesta este último autor en el párrafo 1124,
que "cualquiera que sea la debida consideración que se dé
como prueba a la presunción de culpa por no explicarse la
posesión cuando no aparece sostenida por otra prueba, la cues-
tión puede resultar académica en la mayoría de los casos.
Raras veces ocurrirá que dicha posesión no vaya acompañada
de hechos que no la determinen." Tal fué también el criterio
del Juez Asociado de este Tribunal, Sr. MacLeary, reciente-
mente fallecido, que siendo entonces Juez Asociado de la Corte
Suprema de Montana, emitió la opinión del tribunal en el caso
de *Territory v. Doyle,* 7 Mont., 250. En dicho caso la corte se
expresó como sigue:

"El apelante alega que la prueba no es suficiente para sostener el
veredicto. Qué la posesión de objetos recientemente robados no es
por sí bastante para declarar culpable por ladrón al poseedor de los
mismos es un principio que ha quedado bien establecido y la corte
instruyó al jurado en tal sentido. Pero casi siempre concurren otras
circunstancias en la transacción que explican dicha posesión."

Estaríamos dispuestos a adoptar la jurisprudencia del
Estado de California y demás Estados de igual procedencia

en cuanto a este punto, aun cuando fuera necesario para nosotros el resolver un caso sobre la simple posesión de objetos robados después de ocurrido el robo, si bien en este caso no tenemos necesidad de dictar una resolución tan específica. En los casos de California se declara que la posesión de la propiedad poco tiempo después de ocurrido el robo es una circunstancia sospechosa que en unión de otras exige al acusado que explique dicha posesión. *People. v. Kelly,* 28 Cal., 424; *People v. Luchetti,* 119 Cal., 501; *People v. Vidal,* 121 Cal., 221; *People v. Wilson,* 135 Cal., 331; *People v. Matezuski,* 11 Cal. Apps., 465. Véase también el caso de *Territory v. Doyle,* 7 Mont., 250 y el de *State v. Sanford,* 8 Idaho, 187.

En el caso de Vidal *supra* se declaró, que habiéndose encontrado al acusado en posesión de una yegua que había sido recientemente robada era suficiente con que se presentara alguna otra ligera prueba corroborante de hechos que tendieran a inculparlo para someter el caso al jurado. Uno de los otros hechos que ha sido considerado como suficiente para declarar culpable a una persona que está en posesión de objectos recientemente robados es el de no explicar dicha posesión cuando se le da la oportunidad de hacerlo. *Thomason v. State,* 41 S. W., 638; *State v. Marshall,* 74 N. W., 763; *State v. King,* 96 N. W., 712; 25 Cyc., 138.

De igual manera el valor de la explicación que se hiciere es una cuestión que debe dejarse a la consideración del jurado si el caso se celebra ante él. 25 Cyc. 138. En el presente caso no sólo estaba el acusado en posesión de la sortija robada, sino que se encontraba colocado en la misma fábrica de donde el querellante era empleado y tenía acceso al cuarto de donde fué tomada la sortija. Se le dió la oportunidad de que explicara el hecho de haberse hallado ésta en su poder y manifestó que la había comprado a un negrito a quien no pudo presentar a pesar de las dos semanas que le dió el policía para que lo hiciera. Cuando una persona aparece en posesión de objetos que han sido robados recientemente y se le ofrece la ocasión de que explique tal posesión, tendrá ésta para con la socie-

dad la obligación de explicar dicha posesión y de no hacerlo así al juez o jurado que conozca del caso, el tribunal de apelación no revocará la sentencia condenatoria que se dicte.

Si un hombre está en posesión de objetos rebados y no puede presentar a la persona de quien los obtuvo, por lo general podrá ofrecer prueba de su buen carácter con anterioridad al hecho para contrarrestar su posesión sospechosa y el juez o jurado, según sea el caso, deberá siempre estar satisfecho de la culpabilidad del acusado fuera de duda razonable.

Este caso fué juzgado por el juez ante quien compareció el acusado y dicho juez tenía derecho a determinar si la explicación hecha por el referido acusado acerca de la compra que hizo al negrito era satisfactoria. No solamente concurrió el elemento de si fué satisfactoria dicha explicación sino que la oportunidad que tuvo el acusado de coger la sortija era también una circunstancia que había de ser considerada por el juzgador.

No encontramos que se haya cometido error alguno y debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.