EL PUEBLO, DEMANDANTE Y APELADO, *v.* MARTÍN, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por delito de hurto de menor cuantía.

No. 1238.—Resuelto en julio 26, 1918.

HURTO—EXCEPCIONES PREVIAS.—Es jurisprudencia establecida por este Tribunal Supremo que aquellas cuestiones no privilegiadas que se levantan en forma de excepción previa el día del juicio, llegan demasiado tarde.

ID.—ALEGACIONES NO ESENCIALES.—En una denuncia por hurto de maderas no constituye error fundamental el dejar de describir detalladamente la naturaleza, clase o valor de la madera hurtada ni omitir la fecha exacta de la alegada sustracción.

ID.—HURTO COMETIDO POR CONDUCTO DE AGENTE.—La comisión del delito de hurto puede realizarse por agentes y depositarios.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El apelante como primer motivo de error impugna la acusación. Si se examina la transcripción de autos se verá que no llegó a radicarse excepción previa alguna. Sin embargo, según nos lo revela la exposición del caso, en el momento del juicio el acusado presentó lo que él llama una excepción perentoria. Ya hemos decidido en el caso de *El Pueblo* v. *París,* 25 D. P. R. 111, que aquellas cuestiones no privilegiadas que se levanten en forma de excepción previa el día del juicio llegan demasiado tarde. Véase también el caso de *El Pueblo* v. *Ramírez de Arellano,* 25 D. P. R. 263.

La corte, por lo tanto, sólo ha de entrar a considerar los errores fundamentales que existan en la acusación, la que reza como sigue:

"El citado acusado Luis Martín, allá en o por el mes de julio de 1917, y en el barrio de 'Boquerón,' sitio el "Pasaje,' del distrito judicial municipal de Cabo Rojo, que forma parte del territorio de la Corte de Distrito, del Distrito Judicial de Mayagüez, P. R., ilegal, voluntaria, maliciosamente y con la intención criminal de lucrarse, sustrajo madera de la propiedad del Pueblo de Puerto Rico, por un valor de setenta y un dollars ($71) y las que se apropió el acusado fraudulentamente, y privando de la propiedad de las mismas, al Pueblo de Puerto Rico. Dichas maderas sustraídas por el acusado, pertenecen a la finca rústica denominada 'Morrillos de Cabo Rojo,' un islote."

No era preciso describir en detalles la naturaleza, clase o valor de la madera que se alega haberse tomado, ni era preciso se expresara la fecha exacta de la alegada sustracción. La falta de no incluir estas materias no estaba ni aún siquiera sujeta a una alegación de error, y ciertamente su omisión no constituye un error fundamental. De ninguna manera constituye un error el describir los "Morrillos de Cabo Rojo" como islote y al propio tiempo como una finca sita en el sitio denominado "Pasaje" del barrio de Boquerón. No se alegó incongruencia alguna entre la acusación y la prueba. No necesitamos entrar a considerar otros errores de la misma índole que se han alegado.

Un error más grave es la cuestión de si el acusado convirtió o no de hecho la madera a su propio uso de modo que sus actos caigan dentro de la definición del·delito de hurto. Los hechos en cuanto se refieren a la sustracción no están en discusión. El acusado era el primer jefe del faro del islote de los Morrillos de Cabo Rojo. Mandó a ciertos peones a cortar leña con la que se hizo carbón que vendió el acusado. El apelante sostiene que estos actos de él constituyen un abuso de confianza. Que la comisión por un agente, depositario o fideicomisario puede constituir hurto, lo demuestran los· siguientes casos: *El Pueblo* v. *Poggi,* 19 Cal. 600; *El Pueblo* v. *Bilden,* 37 Cal. 51; *El Pueblo* v. *Johnson,* 91 Cal. 265, 27 Pac. 663; *El Pueblo* v. *Perini,* 94 Cal. 573. Al mandar el acusado a cortar la madera, convertirla en carbón y venderla, sus actos cayeron dentro del artículo 426 del Código Penal, que dice así:

"Hurto es el acto de sustraer, con intención criminal, bienes muebles o semovientes, pertenecientes a otra persona."

No se puede concebir que El Pueblo de Puerto Rico hubiera delegado la posesión de la propiedad nombrando un guardián.

Asimismo encontramos que hubo prueba suficiente que establece que la madera sustraída pertenecía al Pueblo de Puerto Rico y que el acto imputado al acusado se realizó poco tiempo antes de presentarse la acusación, o alrededor de la fecha en que se practicó el arresto. ·

Es de confirmarse la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.    ·