El Pueblo de Puerto Rico, demandante y apelado, *v.* Mariano Rexach, acusado y apelante.

No. 2684.—*Visto:* Marzo 4, 1926. *Resuelto:* Marzo 16, 1926.

1. Hurto—Proceso y Castigo—''Indictment'' y Acusación y Denuncia—Suficiencia de las Mismas—Hurto Menor.—Una denuncia por hurto menor que alega que el acusado . . . con intención criminal sustrajo un cerdo . . . valorado en $18 que pertenecía a otro que no es el acusado, es suficiente.

2. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Errores Perjudiciales—Admisión de Prueba Objetada—Hechos a que se Refiere la Prueba que han sido Establecidos por Otra Prueba.—No constituye error perjudicial al acusado la negativa a eliminar la admisión de cierto testimonio de referencia cuando los hechos a que dicho testimonio se refiere han sido también declarados (admitidos) por el propio acusado en su declaración.

3. Hurto—Proceso y Castigo — Evidencia — Suficiencia de la Misma. — Una prueba que tiende a establecer la posesión de la cosa sustraída en el acusado y que identifica ésta como siendo la misma que le había sido sustraída al perjudicado, es suficiente.

Sentencia de *Gabriel Castejón,* J. (Humacao), condenando al acusado por delito de hurto menor, sin costas. *Confirmada.*

*Fernando Gallardo,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Esta es una apelación de una sentencia que condenó al acusado a sufrir la pena de seis meses de cárcel por el delito de hurto menor.

El apelante apunta los siguientes errores:

"1. La corte erró al no declarar con lugar la excepción de que la denuncia no contenía hechos suficientes para imputar al acusado un delito público.

"2. La corte erró al permitir al testigo Casimiro Ríos declarar sobre cosas que otra persona, que no era el acusado, le había dicho.

"3. La corte cometió error al no declarar con lugar la moción que sobre absolución perentoria presentara el acusado.

"4. La corte erró al declarar culpable al acusado del delito de hurto menor imponiéndole seis meses de cárcel."

[1] La denuncia que se excepciona por no contener hechos suficientes para imputar al acusado un delito público, en lo pertinente dice:

". . . . el referido acusado allí y entonces, de una manera ilegal, voluntaria y maliciosamente y con intención criminal sustrajo un cerdo color negro valorado en $18.00 y que pertenecía a la propiedad de Santiago Figueroa."

La denuncia tal como está redactada es suficiente. Ella expresa claramente que el cerdo pertenece a Santiago Figueroa, que no es el acusado, y por otra parte la jurisprudencia de esta Corte Suprema tiene resuelto que cuando en una acusación, como ocurre en este caso, se usa el vocablo "sustraer," esto "equivale de modo suficiente a una o más de las palabras inglesas 'taking,' 'carrying,' 'leading' o 'driving away,' no pudiendo hacerse propiamente ninguna objeción a su uso." *El Pueblo* v. *París,* 25 D.P.R. 112.

[2] Se alega como otro error haber admitido el testimonio del testigo Casimiro Ríos en cuanto declara que el individuo Basilio Díaz le informó delante del acusado que éste "le había ofrecido el cerdo y se lo daba en ocho dollars." La defensa solicitó la eliminación de esta parte de la declaración fundándose que era de referencia; y a la negativa de la corte, la defensa tomó excepción. Como el acusado admite en su declaración que tenía el cerdo en la plaza de Santurce para la venta ofreciéndolo en catorce dollars y que

el individuo Basilio Díaz le ofreció ocho dollars, no vemos, bajo las circunstancias, que si hubo error en la resolución de la corte inferior, fuera perjudicial al acusado.

[3] Los dos últimos errores se refieren a la apreciación de la prueba y a nuestro juicio ella es suficiente para sostener la sentencia. No solamente tendió a establecer la posesión del cerdo en el acusado sino que la explicación de que se lo regaló su madrina siendo muy pequeño, es una manifestación que no creyó la corte inferior, quien seguramente tuvo en cuenta que el perjudicado identificó el cerdo como siendo el mismo que le había sido sustraído. La oportunidad, por consiguiente, que se le dió al acusado para explicar la posesión del objeto robado, más bien levantó un conflicto en la evidencia que fué dirimido por el juez sentenciador en contra del acusado.

La simple posesión de cosas robadas se discute en el caso de *El Pueblo* v. *Laureano,* 20 D.P.R. 7, y no parece que por sí sola pueda constituir el delito de hurto. Allí se refiere que en los casos de California se declara que la posesión de la propiedad poco tiempo después de ocurrido el robo es una circunstancia sospechosa que en unión de otras exige al acusado que explique dicha posesión. Se citan las autoridades y se dice además:

"En el caso de *Vidal, supra,* se declaró, que habiéndose encontrado al acusado en posesión de una yegua que había sido recientemente robada era suficiente con que se presentara alguna otra ligera prueba corroborante de hechos que tendieran a inculparlo para someter el caso al jurado. Uno de los otros hechos que ha sido considerado como suficiente para declarar culpable a una persona que está en posesión de objetos recientemente robados es el de no explicar dicha posesión cuando se le da la oportunidad de hacerlo. *Thompson* v. *State,* 41 S. W. 638; *State* v. *Marshall,* 74 N. W. 763; *State* v. *King,* 96 N. W. 712; 25 Cyc. 138." *El Pueblo* v. *Laureano,* 20 D.P.R. 11.

*Por todo lo expuesto, debe confirmarse la sentencia apelada.*