El Pueblo de Puerto Rico, demandante y apelado, *v.* Tomás Vadi, acusado y apelante.

No. 2733.—*Visto:* Mayo 27, 1926. *Resuelto:* Julio 30, 1926.

Hurto (*Larceny*)—Proceso y Castigo—Evidencia—Su Suficiencia—Posesión de los Bienes Hurtados—Identificación y no Explicación de Cómo Llegaron a Poder del Acusado.—Examinada la prueba en este caso *se resolvió* que, aun cuando era escasa, ella, sin embargo, era suficiente para sostener la sentencia apelada.

Sentencia de *Tomás Bryan, J.* (Aguadilla), condenando al acusado por delito de hurto menor, con costas. *Confirmada.*

*Rafael Padró Parés,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se imputó a Tomás Vadi el hecho de haber sustraído con intención criminal tres racimos de plátanos de la propiedad de José Eduvigis Hernández. Se celebró la vista de nuevo en apelación ante la corte de distrito y el acusado fué declarado otra vez culpable y condenado a pagar una multa de veinte y cinco dólares y en defecto de pago un día de cárcel por cada dólar dejado de satisfacer.

No conforme el acusado apeló para ante este tribunal y alega como único error el cometido a su juicio por la corte al apreciar la prueba.

Hemos analizado la evidencia y aunque es escasa en verdad no puede decirse que no sea suficiente para sostener el fallo de culpabilidad rendido por dos jueces que oyeron las declaraciones pudiendo examinar personalmente al denunciante, al acusado y a todos los testigos.

Nadie vió que el acusado sustrajera los plátanos. El propio denunciante manifestó que no podía asegurar que él los hubiera sustraído. Pero se demostró que existiendo hurtos en el barrio, el denunciante, como medida de precaución, marcó sus plátanos con ciertos alfileres y habiéndoselos sustraído los encontró luego en la tienda de Bernardino Jiménez que los compró al acusado, sirviendo los alfileres para identificarlos.

Aunque la prueba de la defensa y la propia declaración de Jiménez introducen alguna confusión con respecto a si los plátanos se mezclaron o nó con otros y a si otros propietarios también marcaban con alfileres sus plátanos, creemos que surge finalmente clara la identidad de los objetos sustraídos.

¿Qué dijo el acusado? Manifestó que los plátanos que vendió a Jiménez los cosechó en su finca situada como a un kilómetro de la del denunciante. Dos testigos tendieron a corroborar su declaración. Pero fué contradicha por una admisión hecha por el mismo acusado ante el policía Gerena en el sentido de que los plátanos los había comprado a un muchacho y también por la circunstancia de que según el acusado los plátanos fueron cortados el día antes de la venta y según el denunciante los plátanos por su estado indicaban que lo habían sido desde hacía algunos días lo que guardaba relación con la fecha del hurto. El hurto ocurrió un martes y la venta un sábado.

El juez sentenciador creyó los testigos de cargo y no

dió crédito al acusado y a sus testigos. Pudo hacerlo y nada demuestra que errara al actuar de tal modo.

Siendo ello así, quedó en pie la venta de los plátanos hurtados por parte del acusado, sin que explicara satisfactoriamente cómo llegaron legalmente a su poder. Ninguna de sus versiones fué creída por la corte y el hecho en sí mismo de las dos versiones es significativo.

Examinada la prueba a la luz de los principios establecidos en los casos de *El Pueblo* v. *Acevedo,* 18 D.P.R. 236, 241, y *El Pueblo* v. *Laureano,* 20 D.P.R. 7, la estimamos suficiente. *Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison no intervino en la resolución del caso.