EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO CELESTINO DOMÍNGUEZ, acusado y apelante.

No. 3099.--*Visto:* Marzo 8, 1927. *Resuelto:* Marzo 24, 1927.

1. HURTO—PROCESO Y CASTIGO—"INDICTMENT" Y ACUSACIÓN—PERTENENCIA DEL OBJETO HURTADO—ALEGACIÓN SUFICIENTE.—Una denuncia por hurto menor que alegue que el objeto hurtado fué sustraído a una persona por el acusado, "privando así a su dueño de su legítima posesión y apropiándosela en su beneficio" contiene implícitamente los requisitos exigidos por el estatuto.

2. HURTO—PROCESO Y CASTIGO—EVIDENCIA—SU SUFICIENCIA—POSESIÓN DE BIENES ROBADOS Y SU EFECTO—POSESIÓN NO ACOMPAÑADA DE CIRCUNSTANCIAS INCULPATORIAS.—Cuando en proceso por hurto la prueba sólo demuestra la posesión por parte del acusado del objeto hurtado sin ninguna otra circunstancia que le conecte con el hecho de la sustracción, ella es insuficiente.

SENTENCIA de *Angel Acosta Quintero,* J. (Mayagüez), condenando al acusado por delito de Hurto de menor cuantía. *Revocada.*

*Angel A. Vázquez,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

[1] La denuncia en este caso, la cual se impugna por no contener hechos que constituyan un delito público, dice así:

"Que en el mes de Junio de 1922 y en la calle Luna de San Germán, P. R., del Distrito Judicial Municipal de San Germán, P. R., que forma parte del distrito judicial de Mayagüez, P. R., el acusado Pedro Celestino Domínguez, con intención criminal sustrajo a Pedro Enriquez una pluma fuente de oro marca 'Waterman' valorada en doce dólares, la cual vendió a Juana Delgado; privando así a su dueño de su legítima posesión y apropiándosela en su beneficio."

La contención del apelante es que en la denuncia no se alega específicamente que la pluma que fué objeto del hurto pertenecía al perjudicado y que tal omisión es fatal de acuerdo con lo que prescribe el artículo 426 del Código Penal. Sin embargo, como la denuncia alega que la pluma fué sustraída a Pedro Enríquez por el acusado, "privando así a su dueño de su legítima posesión y apropiándosela en su beneficio," ella contiene implícitamente los requisitos exigidos por el estatuto, pues se desprende claramente que el acusado sustrajo y se apropió una pluma que pertenecía al perjudicado Enríquez.

[2] Se señala como segundo error que la prueba de cargo es insuficiente para sostener la denuncia.

El perjudicado declara en resumen: que la pluma la llevaba en uno de los bolsillos del gabán; que salió con ella después de comida y luego de estar con otros individuos, entre ellos el acusado, notó al volver a su casa que la pluma había desaparecido.

Juana Delgado declaró que ella compró la pluma al acusado por $3.50 y María Ignacia Jusino dijo que la venta se hizo a su presencia hacía varios meses.

La pluma asimismo fué identificada por el perjudicado.

Esta fué toda la prueba de cargo. En realidad lo único que demuestra es la posesión de la pluma por parte del acusado, sin ninguna otra circunstancia que le conecte con el hecho mismo de la sustracción, ya que el hecho de que el

acusado hubiera estado en compañía del perjudicado con otras personas, bromeando, cuando se desapareció la pluma, no es por sí solo bastante para colocar este caso dentro de la regla establecida en el de *El Pueblo* v. *Laureano,* 20 D. P.R. 8. Nada aparece que sea contrario a lo dicho por Juana Delgado acerca de cómo el objeto fué a poder del acusado, ni que por las condiciones en que vendió la pluma a Juana Delgado podía establecerse su relación con el delito.

*Por todo lo expuesto, la sentencia apelada debe revocarse y absolverse al acusado.*