EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CELSO LÓPEZ, acusado y apelante.

No. 3426.—*Visto:* Marzo 23, 1928. *Resuelto:* Abril 11, 1928.

*Rafael S. Vidal,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Celso López fué denunciado ante la Corte Municipal de Yabucoa en la siguiente forma:

"Yo, M. Vega Riollano, Jefe Distrito, P. I., vecino de Yabucoa, calle Baldorioty No. 15, mayor de edad, formulo denuncia contra Celso López por delito de Falsa Representación e Impostura (Art. 470 del C. P.), cometido de la manera siguiente: Que en 15 de abril de 1927, y en el barrio Juan Martín, Central Mercedita de Yabucoa, del Distrito Judicial Municipal de Yabucoa, que forma parte del Distrito Judicial de Humacao, P. R., el citado acusado ile-

gal, intencionalmente y a sabiendas, valiéndose de falsas y fraudulentas simulaciones, se hizo pasar como Agente del Hipódromo Quintana en este Municipio, y bajo ese carácter usurpado le tomó a Domingo Mattey la cantidad de tres dollars veinte centavos ($3.20) para combinarle un cuadro para el Pool del Hipódromo Quintana, para las carreras que se celebraban en dicho Hipódromo el Domingo de Pascua de. Resurrección, 17 de Abril del corriente año, no habiendo combinado dicho cuadro ni habiéndole entregado a Domingo Mattey la cantidad de $3.20 importe del mismo; y defraudando a Domingo Mattey en la cantidad expresada. Se adjunta como evidencia una nota que el acusado entregó al Sr. Mattey. Los hechos denunciados me constan por investigación practicada. Este hecho es contrario a la ley para tal caso hecha y prevista y a la paz y dignidad del Pueblo de Puerto Rico.''

Condenado por aquella corte, apeló ante la de Distrito de Humacao. Se siguió el juicio ante ésta, que dictó sentencia declarándole culpable de falsa representación e impostura, y le impuso tres meses de cárcel, y las costas. De esta sentencia se ha apelado ante este tribunal.

Los errores alegados son, los que siguen:

■ Se alega por el apelante que la Corte de Distrito de Humacao erró al declarar sin lugar la moción del acusado para que se sobreseyera el caso porque la denuncia, como está redactada, no imputa delito alguno.

La parte apelante sostiene que los requisitos que a acusaciones de falsa representación se exigen por ley y por jurisprudencia, faltan en esta denuncia.

Aunque no sea ella, ni puede pedir en casos como éste, que lo sea, un modelo de redacción, la denuncia contiene todos los elementos necesarios para informar al acusado del cargo que se le hace y para presentar la prueba y dictar sobre ella una sentencia. Se expresa en la misma que el acusado intencionalmente y a sabiendas, e ilegalmente, valiéndose de falsas y fraudulentas simulaciones, haciéndose pasar como agente del hipódromo Quintana, tomó a Domingo Mattey tres dólares

y veinte centavos para combinarle un cuadro para el pool del mismo hipódromo, y que no hizo la combinación, ni devolvió el dinero a Mattey. En esta expresión se encuentran los elementos de ilegalidad, intención consciente y maliciosa, simulación de una personalidad que no era correcta, recepción del dinero, incumplimiento del fin para el que el dinero fué entregado, y no devolución de la suma, que en realidad, se resumen en los elementos expresados por la jurisprudencia de Puerto Rico y de California. No es necesario que en las denuncias se usen determinadas palabras, y que ellas sean redactadas con el extremo de detalle que las hagan a primera vista sencillas de entender para un niño, o cualquiera otra persona de capacidad incompleta. De la forma en que la denuncia está redactada no puede en manera alguna decirse que Mattey se desprendiera de los tres pesos y veinte centavos por ninguna otra causa que no fuera para darlos a aquél que se fingió agente del hipódromo, y para que le pusiera ese dinero en un cuadro de apuestas, y que el acusado no hizo tal apuesta, ni devolvió el dinero.

El segundo error, consiste, según el apelante, en haber admitido la corte prueba sobre los elementos esenciales del delito, que no se alegaban en la acusación.

Se alega que la corte permitió que se hiciera al testigo Manuel Vega Riollano la siguiente pregunta:

"¿Él le habló o le dijo algo acerca de si era agente del hipódromo?—Él decía que era autorizado por el agente de Humacao.

"Mire esas papeletas que se encuentran aquí."

La pregunta se ajusta a los elementos de la denuncia, de una manera substancial. No puede exigirse que se ajuste a la denuncia literalmente.

Asimismo se alega que se permitió por la corte una pregunta sugestiva como ésta:

"¿Él no le dijo que era agente del hipódromo?"

Verdaderamente la pregunta puede ser sugestiva. Pero hay que tener presente que el hecho sobre que versa, había sido ya objeto de prueba, y estaba afirmado en la declaración de otro testigo, Manuel Vega Riollano; y de lo que dijera el testigo a quien la pregunta se hacía no había de sugerir nada nuevo en contra de derecho alguno esencial del acusado. En cuanto a esta pregunta, la defensa pidió la eliminación, que fué denegada, y tomó excepción, que fundamentó sosteniendo que la pregunta era sugestiva. En los demás casos, por regla, no fundamentó la defensa su excepción, sistema que no es el propio para someterla luego a la corte de apelación.

Se alega que la corte cometió error al denegar la moción de *nonsuit*.

La corte no podía proceder de otro modo, dado que en verdad el fundamento de la moción de *nonsuit* fué el mismo de la excepción, que se denegó.

Aparte de esto, la defensa, después de denegarse la moción de *nonsuit* continuó el caso presentando su prueba, lo que envuelve la renuncia a tal moción, según se ha declarado por este Tribunal en las decisiones *El Pueblo* v. *González*, 24 D.P.R. 713, *El Pueblo* v. *Alvarado*, 19 D.P.R. 870, y *El Pueblo* v. *Ojeda*, 26 D.P.R. 438.

Se señala como error que la corte no dió al acusado el beneficio de la duda razonable.

No existe tal error. La corte pesó la prueba, y de su conjunto, que es como racional y lógicamente debe estimarse una prueba, y no de detalles de escasa importancia, formó la conciencia de los hechos ocurridos. No puede pedirse otra cosa al juzgador.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Hutchison está conforme con el resultado.