El Pueblo de Puerto Rico, demandante y apelado, *v.* Pedro Juan Atilano, acusado y apelante.

No. 4953.—*Sometido:* Febrero 8, 1933. *Resuelto:* Febrero 24, 1933.

*José Q. Torres Sallaberry,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Pedro Juan Atilano fué denunciado ante la Corte Municipal de Salinas como autor de un delito de hurto de menor cuantía consistente en haberse apropiado voluntaria y criminalmente de una gallina perteneciente a Juan Ayés valorada en un dólar, vendiéndola en setenta y cinco centavos a Julia Ortiz, tomando para sí el producto de la venta.

En el juicio celebrado de nuevo en la Corte de Distrito de Guayama el fiscal presentó la siguiente prueba de cargo:

Juan Ayés declaró que era dueño de una gallina lóriga que dormía al lado de la cocina de su casa situada en la calle de la Playa, de Salinas, y que faltó el 25 de junio de 1932. La recuperó como a los dos días entregándosela el policía. Conoce al acusado. Acostumbraba pasar por allí, por el camino.

Julia Ortiz vive en la Playa de Salinas. Conoce al acusado a quien compró una gallina búlica blanca. La tuvo en su poder como ocho días. Ahora la tiene su amo, Ayés. Se la quitó el policía.

Domingo Rivera es testigo de la venta de la gallina por el acusado a Julia Ortiz. También Arístides Ruiz.

Por último el policía Pagán declaró que había investigado el caso y denunciado al acusado. Ocupó la gallina lóriga blanca en poder de Julia Ortiz. Ayés la reconoció como la suya. La llevó a la corte, y la corte se la entregó a Ayés.

El acusado formuló una moción de *nonsuit* que fué declarada sin lugar. Acto seguido presentó su prueba consistente en su declaración y en las de los testigos Luis Colón y Juan Rodríguez.

Dijo el acusado que estando un día con Colón y Rodríguez pasó un hombre con unas banastas vendiendo aves y le compró dos. Dejó una en casa de Colón y otra se la llevó a la

playa. Como a los cinco o seis días se encontró arrancado y vendió la gallina a Julia Ortiz en setenta y cinco centavos. Colón y Rodríguez corroboraron su testimonio.

Juzgando esa prueba la corte declaró culpable a Pedro Juan Atilano y le impuso tres meses de cárcel. No conforme éste apeló. Señala en su alegato tres errores cometidos a su juicio por la corte al declarar sin lugar la moción de *nonsuit,* al considerar la prueba suficiente y al aceptar la teoría del fiscal de que no era necesario probar la sustracción.

No precisa considerar el primer error aisladamente. Se ha decidido por esta corte repetidas veces que cuando desestimada su moción de *nonsuit* el acusado presenta prueba, se entiende que renuncia la moción. *El Pueblo* v. *Ojeda,* 26 D.P.R. 438; *El Pueblo* v. *González,* 24 D.P.R. 713, y *El Pueblo* v. *Alvarado,* 19 D.P.R. 870. Esto no quiere decir que el acusado al someterse definitivamente el caso no pueda suscitar de nuevo aunque en forma algo distinta la cuestión de la insuficiencia de la prueba de cargo. Técnicamente cuando la cuestión se presenta al final del juicio se dirige a la suficiencia de la evidencia en su totalidad. Sin embargo, a menos que la evidencia del acusado supla algún defecto u omisión de la del fiscal, la cuestión prácticamente será la misma que la levantada por la moción de *nonsuit.* Si la prueba de descargo no suple la deficiencia y la corte se convence de que tal insuficiencia existe, debe absolver al acusado. Por supuesto, que si no quedare convencida deberá ratificar su criterio y condenar al acusado.

Los otros dos errores pueden estudiarse conjuntamente. El fiscal no sostuvo que no fuera necesario probar la sustracción. Sostuvo que la prueba aportada era suficiente para demostrar la sustracción y su perpetración por el acusado. ¿Lo es?

Puede darse por demostrado que existió un hurto, el de la gallina de Ayés. Con respecto a la culpabilidad del acusado, existe una fuerte presunción consistente en haber estado

la gallina en su poder sin que la explicación que diera de cómo la adquirió quedara confirmada sin lugar a dudas como. en el caso de la testigo Julia Ortiz en cuyo poder fué ocupada. ¿Es ello bastante por sí solo?

La cuestión legal envuelta ha sido estudiada en varios casos por este tribunal, especialmente en el de *El Pueblo* v. *Laureano,* 20 D.P.R. 7. En opinión emitida por el Juez Asociado Sr. Wolf después de citarse varios casos, entre ellos uno de Montana en el que la opinión fué escrita por el Juez Asociado Sr. MacLeary entonces Juez Asociado de la Corte Suprema de dicho estado, y al tratadista Wigmore, se dice:

"Estaríamos dispuestos a adoptar la jurisprudencia del Estado de California y demás Estados de igual procedencia en cuanto a este punto, aun cuando fuera necesario para nosotros el resolver un caso sobre la simple posesión de objetos robados después de ocurrido el robo, si bien en este caso no tenemos necesidad de dictar una resolución tan específica. En los casos de California se declara que la posesión de la propiedad poco tiempo después de ocurrido el robo es una circunstancia sospechosa que en unión de otras exige al acusado que explique dicha posesión. People v. Kelly, 28 Cal. 424; People v. Luchetti, 119 Cal. 501; People v. Vidal, 121 Cal. 221; People v. Wilson, 135 Cal. 331; People v. Matezuski, 11 Cal. Apps. 465. Véase también el caso de Territory v. Doyle, 7 Mont. 250 y el de State v. Sanford, 8 Idaho 187.

"En el caso de Vidal *supra* se declaró, que habiéndose encontrado al acusado en posesión de una yegua que había sido recientemente robada era suficiente con que se presentara alguna otra ligera prueba corroborante de hechos que tendieran a inculparlo para someter el caso al jurado. Uno de los otros hechos que ha sido considerado como suficiente para declarar culpable a una persona que está en posesión de objetos recientemente robados es el de no explicar dicha posesión cuando se le da la oportunidad de hacerlo. Thomason v. State, 41 S. W. 638; State v. Marshall, 74 N. W. 763; State v. King, 96 N. W. 712; 25 Cyc. 138.

"De igual manera el valor de la explicación que se hiciere es una cuestión que debe dejarse a la consideración del jurado si el caso se celebra ante él. 25 Cyc. 138. En el presente caso no sólo estaba el acusado en posesión de la sortija robada, sino que se encontraba colocado en la misma fábrica de donde el querellante era empleado y tenía acceso al cuarto de donde fué tomada la sortija. Se le dió la

oportunidad de que explicara el hecho de haberse hallado ésta en su poder y manifestó que la había comprado a un negrito a quien no pudo presentar a pesar de las dos semanas que le dió el policía para que lo hiciera. Cuando una persona aparece en posesión de objetos que han sido robados recientemente y se le ofrece la ocasión de que' explique tal posesión, tendrá ésta para con la sociedad la obligación de explicar dicha posesión y de no hacerlo así al juez o jurado que conozca del caso, el tribunal de apelación no revocará la sentencia. condenatoria que se dicte.

"Si un hombre está en posesión de objetos robados y no puede presentar a la persona de quien los obtuvo, por lo general podrá ofrecer prueba de su buen carácter con anterioridad al hecho para contrarrestar su posesión sospechosa y el juez o jurado, según sea el caso, deberá siempre estar satisfecho de la culpabilidad del acusado fuera de duda razonable.

"Este caso fué juzgado por el juez ante quien compareció el acusado y dicho juez tenía derecho a determinar si la explicación hecha por el referido acusado acerca de la compra que hizo al negrito' era satisfactoria. No solamente concurrió el elemento de si fué satisfactoria dicha explicación sino que la oportunidad que tuvo el acusado de coger la sortija era también una circunstancia que había de ser considerada por el juzgador."

El caso está en la línea, pudiendo decirse que aquí se demostró que el acusado pasaba por frente de la casa de Ayés y pudo ver la gallina y hurtarla. Con poco más, como en el caso de Laureano, hubiera sido bastante. Laureano estaba colocado en la misma fábrica que el dueño de la sortija y tenía acceso al cuarto de donde fué tomada. Alegó que había comprado la sortija a un negrito, circunstancia en sí misma sospechosa, y no obstante habérsele dado tiempo para buscarlo, no lo presentó. Aquí se trataba de una gallina, que' suele venderse en la forma que dijo el acusado. La explicación que éste dió pudo ser sin duda alguna más concreta, debiendo haber demostrado por lo menos que hizo esfuerzos' para encontrar al vendedor, pero no es increíble y pudo ser' cierta. No existe ninguna otra prueba en contra del acusado y bajo esas circunstancias por fuerte que sea la sospecha que contra él se tenga, no es suficiente para declararlo culpable. Es aplicable la regla establecida en el de *El Pueblo* v. *Do-*

*mínguez,* 36 D.P.R. 463 en el que se resolvió que: "Cuando en proceso por hurto la prueba sólo demuestra la posesión por parte del acusado del objeto hurtado sin ninguna otra circunstancia que le conecte con el hecho de la sustracción, ella es insuficiente."

*Debe declararse con lugar el recurso, revocarse la sentencia apelada y absolverse al acusado.*