EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARIO VALENTÍN GALARZA, acusado y apelante.

Núms. 9201 y 9202.—*Sometidos:* Marzo 17, 1942.  *Resueltos:* Marzo 27, 1942.

*Mario Báez García,* abogado del apelante;  *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El apelante fué convicto en la corte de distrito en dos

casos en que se le imputaba hurto de menor cuantía. Los casos se vieron conjuntamente y las apelaciones en ambos envuelven cuestiones idénticas. El apelante señala cuatro errores en apelación.

■■ El primer error señalado es que la corte de distrito debió haber declarado con lugar las mociones para que sobreseyera y archivara los casos por el fundamento de que se habían transigido de conformidad con los artículos 445 y 446 del Código de Enjuiciamiento Criminal. Aún cuando el caso caiga dentro de las disposiciones de dichos artículos, su resolución de acuerdo con ellos descansa en la sana discreción de la corte de distrito. *El Pueblo* v. *Muñoz,* 22 D.P.R. 383; *Noble* v. *United States,* 190 F. 538. No se ha demostrado que la corte de distrito abusó de su discreción. Más aún, estamos de acuerdo con El Pueblo en que el hurto, ya sea de mayor o menor cuantía, por su naturaleza es un delito que no está incluído dentro de las disposiciones de los artículos 445-6. La Corte de Circuito de Apelaciones para el Primer Circuito ha resuelto que aún cuando el hurto de menor cuantía es un *misdemeanor,* éste es un delito que envuelve depravación moral. *Tillinghast* v. *Edmead,* 31 F. (2) 81. Véanse también *Pueblo* v. *Collazo,* 51 D.P.R. 451; *Pueblo* v. *Crespo et al.,* 3 D.P.R. 302 (2a. ed); *State* v. *Frazier,* 52 La. Ann. 1305; *Chambers* v. *Buroughs,* 44 App. Cas. (D. C.) 168; *Commonwealth* v. *Heckman,* 172 A. 29 (Pa.); *Restitution and the Criminal Law,* 39 Col. L. R. 1185, 1194; Note, *Crimes Involving Moral Turpitude,* 43 Harv. L. R. 117.

■ Estos dos casos envuelven denuncias de que el acusado, empleado de Julio A. Vallés, le había sustraído a su patrono, varios discos y tubos de victrola. Alega el apelante que su moción de *nonsuit* debió haberse concedido por el fundamento de que la evidencia presentada por El Pueblo demostró únicamente que él tenía en su poder los objetos en cuestión. De ser esto cierto, su contención estaría bien fundada. *Pueblo* v. *Domínguez,* 36 D.P.R. 463. Sin embargo, como indica El Pueblo, la prueba también demostró que el

dueño de los artículos los echó de menos en su establecimiento de negocios donde trabajaba el acusado como empleado. El acusado admitió que había cogido los artículos, pero alegó que él estaba autorizado para "cambiar" los discos y los tubos. La prueba fué que el dueño nunca había autorizado al acusado a llevarse estos artículos o a hacer algo en conexión con ellos. La evidencia ante la corte fué claramente suficiente para justificar una sentencia por hurto de menor cuantía. *El Pueblo* v. *Laureano,* 20 D.P.R. 7.

■ Alega también el apelante que su moción de *nonsuit* debió haberse declarado con lugar porque no se adujo prueba en cuanto al valor de los artículos hurtados. Esta contención sería meritoria si se le hubiera acusado por hurto de mayor cuantía. Pero en vista del hecho de que el hurto de menor cuantía requiere solamente un valor menor de $100, no se necesitaba demostrar el valor exacto de los artículos.

". . . . De acuerdo con esta doctrina, cuando el objeto hurtado tiene valor intrínseco no es necesario aportar evidencia directa y específica, pudiendo la corte o jurado inferir que el objeto tiene algún valor, de una inspección del mismo o de la descripción que hayan hecho los testigos." *Pueblo* v. *Delgado,* 50 D.P.R. 658, 661.

■ El tercer error señalado fué que la corte exigió prueba al acusado para demostrar su inocencia. El acusado podía, desde luego, rehusar declarar por el fundamento de que su evidencia lo podía incriminar, y de tal negativa no se podía hacer inferencia alguna. Sin embargo, no encontramos nada en el récord que justifique la alegación del apelante de que la corte insistiera en tal testimonio. Al desestimar la moción para que reconsiderara su negativa de la moción de nonsuit, la corte hizo la siguiente declaración:

"Entiende la corte que el acusado puede justificar con su prueba la posesión de esos discos y de esos tubos. Estima la corte que prima facie se ha probado que esa propiedad pertenecía al señor Julio A. Vallés, y que le faltó; que dió cuenta a la Policía, al detective Andrés A. Vélez, y que éste practicó una investigación y encontró esos

discos y esos tubos en poder del acusado. Hay elementos suficientes para proseguir el caso. Prueba del acusado.''

Esta declaración meramente era una breve opinión verbal sobre la cual la corte basaba su resolución de la moción de nonsuit. Nada hay en la declaración que demuestre que la corte exigía que el apelante presentara evidencia, o que ocupara la silla testifical. En verdad, la corte estaba siendo liberal al dar a entender que a pesar del caso prima facie que había sido presentado en contra del apelante, quizá éste mediante presentación de evidencia podía explicar su posesión de los artículos hurtados y las circunstancias que indicaban su culpabilidad.

■ Solamente queda para considerar la alegación del acusado de que ''si los hechos ocurrieron el mismo día no vemos las razones por las cuales el acusado fuera declarado convicto en ambos casos, pues los hechos son simultáneos y constituyen uno solo. . .''.

El no alegarse o probarse la fecha exacta de la apropiación en un caso de hurto no es un error que dé lugar a la revocación. *Pueblo* v. *Martín,* 26 D.P.R. 648. Pero el que una serie de apropiaciones constituya un solo delito como un hurto continuo, o delitos separados, es una cuestión de hecho que depende de las circunstancias de cada caso. *People* v. *Serna,* 110 P. (2) 492 (Calif.); *People* v. *Stanford,* 105 P. (2) 969 (Calif.); *People* v. *Mills Sing,* 183 P. 865, 869 (Calif.); *People* v. *Dillon,* 36 P. (2) 416 (Calif.); *Cody* v. *State,* 20 S. W. 398 (Tex.).

Brill, *Cyclopedia, Criminal Law,* Vol. 2, lo expresa como sigue a las páginas 258-9:

''Diversas apropiaciones del mismo dueño, impulsadas por un motivo, propósito e impulso, son consideradas como un solo acto sin tener en cuenta el factor tiempo. Y cuando diversos artículos pertenecientes a la misma persona o a diversas personas, son sustraídos del mismo sitio y al mismo tiempo, solamente hay un delito. Pero la apropiación de diferentes artículos de la misma o de diversas personas en distintas ocasiones constituye delitos separados.''

En ausencia de prueba en los casos de autos al efecto de que las apropiaciones fueron separadas, la corte debió haber concedido la moción de nonsuit en el segundo caso.

*La sentencia en el caso número 9201 será confirmada y la sentencia en el caso número 9202 será revocada.*

Los Jueces Asociados Sres. Travieso y Todd, Jr., no intervinieron.