EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FLOR NIEVES ALVELO, acusado y apelante.

*Número:* CR-62-99        *Resuelto:* 30 de septiembre de 1963

*Manuel Reyes Serrano* y *Jorge Luis Suárez,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Jenaro Marchand, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por al Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: ■ La mera posesión de la cosa o los objetos hurtados no es por sí sola suficiente para sostener una convicción por el delito de hurto, pero, en ausencia de prueba directa sobre el acto de la apropiación ilegal, la posesión reciente por el acusado de la propiedad hurtada unida a otras circunstancias—ofrecer una explicación falsa sobre el origen de esa posesión, o que sea increíble o incongruente con el modo de adquirir, como el hallazgo de la misma o su adquisición por compra a un extraño—justifica que se someta la cuestión al jurado para la determinación definitiva sobre la responsabilidad criminal. *Pueblo* v. *Chiclana,* Crim. núm. 62-397, sentencia de 5 de junio de 1963; *Pueblo* v. *Díaz,* Crim. núm. 16993, sentencia de 12 de diciembre de 1961; *Pueblo* v. *Vázquez,* 63 D.P.R. 528 (1944); *Pueblo* v. *Galarza,* 60 D.P.R. 208 (1942); *Pueblo* v. *Atilano,* 44 D.P.R. 591 (1933); *Pueblo* v. *Domínguez,* 36 D.P.R. 463 (1927); *Pueblo* v. *Vadi,* 35 D.P.R. 1010 (1926); *Pueblo* v. *Villegas,* 25 D.P.R. 874 (1917); *Pueblo* v. *Laureano,* 20 D.P.R. 7 (1914); *Pueblo* v. *Acevedo,* 18 D.P.R. 236, 241 (1912). [1] En el proceso a que se sometió al apelante Flor Nieves Alvelo imputándosele la sustracción ilegal de cuatro gomas con sus aros propiedad de

[1] En cuanto al delito de escalamiento para cometer hurto o ratería, véanse, *Pueblo* v. *Juarbe Albarrán,* 83 D.P.R. 747, 750 (1961); *Pueblo* v. *Bayron,* 40 D.P.R. 818, 821 (1930); *Pueblo* v. *Méndez,* 39 D.P.R. 930, 932 (1929); *Pueblo* v. *Moreno,* 32 D.P.R. 824 (1924).

Pan American Steamship Corporation, dicho acusado admitió la posesión de la Propiedad descrita y su venta posterior al señor Fernando Zegrí, y alegó en su defensa, que a su vez las había adquirido por compra en la plaza de mercado de Bayamón a una persona cuyo nombre ignoraba pero con quien acostumbraba a efectuar frecuentes transacciones de compraventa de productos agrícolas.

■ Como indica el Procurador General en su informe al allanarse a la revocación de la sentencia condenatoria, el hecho fundamental en controversia fue la determinación que correspondía hacer al jurado sobre la explicación ofrecida por el acusado respecto al modo de su adquisición de la propiedad hurtada, y respecto al cual "el juez *a quo* sometió al acusado a un tenaz e implacable interrogatorio que . . . lo privó de un juicio justo e imparcial." Hemos examinado detenidamente la transcripción de evidencia. Concurrimos en que la intervención del magistrado que presidió el proceso no se limitó a tratar de esclarecer el testimonio prestado por el apelante y que más bien tendió a desacreditar su teoría de defensa y a sembrar dudas sobre la verosimilitud de la versión por él ofrecida para justificar la posesión legal de los bienes hurtados. Conforme resolvimos en *Pueblo v. Aletriz*, 85 D.P.R. 646 (1962) y recientemente en *Pueblo v. Martínez Acevedo*, 88 D.P.R. 199 (1963), aun cuando esta actuación del juez no fue oportunamente objetada, ello conlleva la revocación de la convicción. Cf. *Pueblo v. Martell Cajigas*, 88 D.P.R. 636 (1963) ; *Pueblo v. Alamo*, Crim. núm. 62-393, sentencia de 24 de junio de 1963; *Pueblo v. Pérez*, Crim. núm. 62-366, sentencia de 18 de abril de 1963.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de Arecibo, en 27 de diciembre de 1961, y se devolverá el caso para la celebración de un nuevo juicio.*